12-CV-02091-M

Honorable John C. Coughenour

FILED LODGED ENTERED RECEIVED
AUG 01 2014
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                  DEPUTY

**FILED UNDER SEAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

MARIA UCHYTIL, an individual, and JEAN DeFOND, an individual, on behalf of the United States of America,

    Plaintiffs/Relators,

v.

AVANADE INC., a Washington corporation, AVANADE FEDERAL SERVICES LLC, a Delaware limited liability company, and AVANADE HOLDINGS LLC, a Delaware limited liability company,

    Defendants.

Case No.:2:12-cv-002091 JCC

**RELATORS' *EX PARTE* MOTION REQUESTING COURT'S GUIDANCE ON DEALING WITH CONTESTED CONFIDENTIAL AND PRIVILEGED DOCUMENTS AND COMMUNICATIONS**

Note for Consideration: August 1, 2014

Plaintiffs/Relators Maria Uchytil and Jean DeFond, by their undersigned counsel, file this *ex parte* motion requesting the Court's guidance on the following issue:

Whether, how, and under what conditions may Relator Jean DeFond, a former in-house attorney for defendant Avanade Federal Services, LLC ("AFS"), use and disclose documents an communications in her possession, obtained during her employment with AFS, in support of this Qui Tam action under the False Claims Act where there are disputed claims and potential arguments that the documents and communications are privileged or confidential. More specifically, can she provide those documents and communications to the United States to assist the United States in its investigation to determine whether to intervene in this action?

EX PARTE MOTION - 1
Case No.: 2:12-cv-002091

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. HANFORD ST., SUITE 300
SEATTLE WA 98134
(206) 448-8100 FAX (206) 448-8514

Case 2:12-cv-02091-JCC   Document 15   Filed 08/01/14   Page 2 of 14

I.     FACTS AND BASIS FOR MOTION

The following facts are based on the documents filed with the Court under seal and on the attached sworn supporting declarations of Relator Jean M. DeFond ("DeFond Declaration") and Relators' attorney Mark K. Davis ("Davis Declaration").

This case arises under the False Claim Act ("FCA"), 31 USC 3729-33, where the Relators, acting on behalf of the United States and themselves, allege the defendants violated the FCA by submitting or causing to be submitted false or fraudulent claims for payment in connection with the sale, implementation, maintenance, repair, and service of computer software known as the Task Management Tool ("TMT"). *Original Complaint, Dkt #1*. The case has been filed under seal to give the United States time to consider whether to intervene. The United States has commenced an investigation of defendants based on the allegations of the complaint. The court has extended to August 1, 2014 the investigative period and the time during which the case is under seal. *Davis Declaration at ¶ 8*. The United States will be seeking a further extension. *Id.*

The original Relator, Maria Uchytil, was employed by defendant AFS in a number of senior level positions. During the course of her employment, she learned of facts and obtained documents that support her belief and allegations of fraud by defendants as set forth in the Original Complaint. She provided key documents to the attorney for the United States as part of a Disclosure Statement as required by the FCA. *Davis Declaration at ¶ 3; 31 U.S.C. §3730*. She has been interviewed by the government and has been permitted by the court to communicate the existence and prosecution of this action and to share a copy of the complaint with Jean DeFond, another employee of AFS. *Order, Dkt. No. 7*.

Following the court's Order, Ms. DeFond was provided a copy of the complaint and communicated with Ms. Uchytil and her undersigned attorneys. *Davis Declaration at ¶ 5; DeFond Declaration at ¶ 61*. Based on information, facts and documents she possessed, Ms. DeFond was able to corroborate the facts provided by Ms. Uchytil and to expand upon the

EX PARTE MOTION - 2
Case No.: 2:12-cv-002091

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. HANFORD ST., SUITE 300
SEATTLE WA 98134
(206) 448-8100 FAX (206) 448-8514

factual allegations contained in the original complaint. *Davis Declaration at ¶ 4; DeFond Declaration at ¶ 61.*

On June 9, 2014, a First Amended Complaint ("FAC") was filed under seal naming Ms. DeFond as an additional relator based on the original information she has regarding defendants' fraudulent actions gained during her employment with defendant AFS as Senior Director and Senior [in-house] Counsel.[1]  Relators assert the additional limited documents and facts that can be provided by Ms. DeFond, as discussed by her in detail in her declaration, are not protected from disclosure by any claims of attorney-client privilege or confidentiality that have been or may be asserted by AFS or the other defendants.[2] *Davis Declaration at ¶¶ 6-7; DeFond Declaration at ¶ 25.* Relators have not yet provided a copy of the FAC to the United States, but have communicated to the U.S. attorneys that the FAC was filed and seeks to add Ms. DeFond as a relator. *Davis Declaration at ¶ 4.* For some time the United States has sought to interview Ms. DeFond and obtain access to information and documents in her possession that pertain to this action. *DeFond Declaration at ¶¶ 53-54.* Because of her concerns over the ethics of disclosing facts and documents, Ms. DeFond has not shared any documents with the government and will not do so unless and until the court grants her permission to do so in ruling on this motion. *DeFond Declaration at ¶ 49.*

At this early stage of the case, Relators are faced with competing duties and rights on which they seek the court's guidance. They have an obligation under the FCA to provide the government with pertinent information in support of their case and which they should have a right to use. Ms. DeFond also has an ethical obligation not to disclose facts and documents

---

[1] In amending the FCA in 1986, Congress barred certain classes of persons from bringing actions, 31 U.S.C. §3730(e)(1)-(4), but lawyers are not among those barred. In choosing not to exclude lawyers, Congress made clear that lawyers are included in the universe of eligible qui tam relators. *U.S. ex rel Doe v. X Corp.*, 862 F.Supp. 1502, 1506-1508 (ED Va. 1994).

[2] Because of the page limitation for this motion, Relators have not discussed the applicable law that supports Relators' position. Relators are prepared to present whatever further briefing the court may request.

EX PARTE MOTION - 3
Case No.: 2:12-cv-002091

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. HANFORD ST., SUITE 300
SEATTLE WA 98134
(206) 448-8100 FAX (206) 448-8514

that are legitimately protected from disclosure by the attorney-client privilege or other grounds of confidentiality. In light of recent qui tam and other cases addressing the ethical and other issues arising out of disclosure of documents alleged to be covered by the duty of confidentiality and the attorney-client privilege,[3] Relators are following the advice of the Ninth Circuit: "The path to ethical resolution is simple: when in doubt, ask the court." *Gomez v. Vernon*, 255 F.3d 1118, 1135 (9th Cir. 2001). <u>Counsel for the United States have been consulted regarding the filing of this motion and join in this request.</u> *Davis Declaration at ¶¶ 2 & 8.*

### III.   OPTIONS FOR THE COURT'S CONSIDERATION

Counsel for the Relators have not found any Qui Tam cases that deal with the issue presented in this motion at this junction of the case – where the case is still under seal and the government is still investigating whether to intervene and seeks information in the possession of a relator that is contested as to privilege. In analogous cases involving claims of retaliatory termination of employment, courts have allowed in-house counsel plaintiffs to use confidential information to support their claims and have urged courts to employ "equitable measures" to protect client confidences. *General Dynamics Corp. v. Superior Court*, 876 P.2d 487, 504 (Cal. 1994)(noting the "use of sealing and protective orders, limited admissibility of evidence, orders restricting the use of testimony in successful proceedings, and, where appropriate, *in camera* proceedings"); *Fox Searchlight Pictures, Inc. v. Pladino*, 106 Cal.Rptr.2d 906, 919-20

---

[3] *See, e.g., U.S. ex rel Hartpence v. Kinetic Concepts, Inc.*, 2013 WL 2278122 (CD Cal. 2013)(disqualifying relator's counsel who obtained privileged documents from relator, gave them to the U.S. attorney who advised of privilege issues that attorney ignored and then quoted from the documents in amended pleadings and further failed to seek guidance from the court; the court noted in footnote 2: "The principle 'when in doubt, ask the court' applies with particular force when a qui tam action is under seal because counsel cannot reveal the lawsuit to defendant."); *U.S. ex rel Fair Laboratory Practices Associates v. Quest Diagnostics Inc.*, 734 F.3d 154 (3rd Cir. 2013)(affirming disqualification of relators' counsel and dismissal of qui tam suit filed by former general counsel and officers for violating state rules of professional conduct prohibiting use of confidential information by using that information beyond what was "necessary"). The facts are different in our case where Ms. DeFond has not disclosed any such confidential information and has an opinion from her ethics lawyer that disclosure under Washington's RPC 1.6 is permitted. *DeFond Declaration at ¶¶ 49, 55, 59-60 and Ex. 5 thereto.*

EX PARTE MOTION - 4
Case No.: 2:12-cv-002091

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. HANFORD ST., SUITE 300
SEATTLE WA 98134
(206) 448-8100 FAX (206) 448-8514

Case 2:12-cv-02091-JCC   Document 15   Filed 08/01/14   Page 8 of 14

1  (Cal.App. 2001)(extending *General Dynamics* to allow plaintiff to "disclose to her attorney all
2  facts relative to the termination, including employer confidences and privileged
3  communications," but limiting the disclosures to "information [she] reasonably believe[s] is
4  necessary to her attorney's preparation and prosecution of the case.")

5  The Ninth Circuit has followed this advice in permitting former in-house counsel to
6  pursue claims of whistle-blower retaliation against their corporate employers arising from their
7  alleged disclosures of shareholder fraud to the corporate general counsel. *Van Asdale v. Int'l
8  Game Technology*, 577 F.3d 989, 995-96 (9th Cir. 2009)(quoting *Kachmar v. SunGard Data
9  Systems, Inc.*, 109 F.3d 173, 182 (3rd Cir. 1997) ("we agree with the Third Circuit that the
10  appropriate remedy is for the district court to use the many 'equitable measures at its disposal'
11  to minimize the possibility of harmful disclosures").

12  While these protective measures are often cited, few if any cases discuss how they were
13  or are to be implemented in actual settings. Exploring virgin territory and making use of the
14  suggestion that the court employ one or more "equitable measures" to balance the rights and
15  obligation of Relators to provide information in support of their allegations to the Government
16  with the rights of Defendants to maintain confidentiality of information, Relators suggest the
17  following options for the Court's consideration.

18  A.  **Hold a Pretrial Conference.**

19  As a preliminary matter and before ruling on this motion, the court could order the
20  attorneys for both the Relators and the United States to attend a pretrial conference under
21  FRCP 16 conducted under seal to discuss the issues presented by this motion and possible
22  resolution. *FRCP 16(c)(2)(L)(*"At any pretrial conference, the court may consider and take
23  appropriate action on the following matters: …adopting special procedures for managing
24  potentially difficult … actions that may involve complex issues .. [or] difficult legal
25  questions…"). The proposed order attached hereto presents this option.

26  B.  **Enter a preliminary protective order.**

EX PARTE MOTION - 5
Case No.: 2:12-cv-002091

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. HANFORD ST., SUITE 300
SEATTLE WA 98134
(206) 448-8100 FAX (206) 448-8514

The court could enter a preliminary protective order under the circumstances presented here to allow disclosure of certain key documents by Ms. DeFond to the government for the limited purpose of allowing the United States to continue its investigation. The proposed order attached hereto presents this option with some suggested language.

### C. Conduct an in camera inspection.

*Kerr v. U.S. District Court for No. Dist. Of Calif.*, 426 U.S. 394, 405 (1976) approves of the use of *in camera* inspections of alleged confidential communications as a "relatively costless and eminently worthwhile method to insure that the balance" between claims of privilege and claims of need for the documents "is correctly struck." *In re Grand Jury Investigation*, 974 F.2d 1068 1074-75 (9th Cir. 1992) holds the two-step process established in *United States v. Zolin, 491 U.S. 554, 565 (1989)* applies equally well when a party seeks *in camera* review to contest assertions of privilege on grounds other than the crime-fraud exception. The movant seeking *in camera* review must merely satisfy the "minimal" threshold of providing a "factual basis adequate to support a good faith belief by a reasonable person" that the communications are not privileged." *Id* at 1075. Relators assert that Ms. DeFond's declaration satisfies that minimal showing. Once this minimal threshold is satisfied, the court's discretion as to whether to order an *in camera* inspection is guided by the factors enumerated in *Zolin*. *In re Grand Jury Investigation* at 1075. If the court decides to conduct *in camera* review, however, and outright disclosure of the documents is requested, the court must allow the party seeking to preserve the privilege the opportunity to present evidence and argument in support of its claim of privilege. *In re Napster Inc. Copyright Litigation*, 479 F.3d 1078, 1093 (9th Cir. 2007). The proposed order presents this option.

### IV. CONCLUSION

Relators respectfully request the Court's guidance on these matters and are prepared to provide any additional briefing, information or facts that might assist the Court in making its decision.

EX PARTE MOTION - 6
Case No.: 2:12-cv-002091

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. HANFORD ST., SUITE 300
SEATTLE WA 98134
(206) 448-8100 FAX (206) 448-8514

1  DATED this 1st of August, 2014.

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC

_____
Mark K. Davis, WSBA No. 38713
Robert L. Olson, WSBA No. 5496
SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. Hanford Street, Suite 300
Seattle, Washington, 98134
Telephone: (206) 448-8100
Facsimile: (206) 448-8514
mkd@soslaw.com
rlo@soslaw.com

EX PARTE MOTION - 7
Case No.: 2:12-cv-002091