UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. MARIA UCHYTIL, et al., <br><br> Plaintiffs, <br><br> AVANADE INC., a Washington corporation, and AVANADE FEDERAL SERVICES, a Delaware corporation, <br><br> Defendants. | NO. C12-2091-JCC <br><br> ORDER FOLLOWING *IN CAMERA* REVIEW RE: COMMON INTEREST DOCTRINE AND GRANTING MOTION TO STAY <br><br> **FILED UNDER SEAL** |

On November 30, 2012, Maria Uchytil filed a *qui tam* action on behalf of the United States against her former employer, Avanade, Inc., Avanade Federal Services, and Avanade Holdings, LLC (collectively "Avanade") in Case No. C12-2091-JCC. On June 10, 2014, a first Amended Complaint was filed, which also named Jean DeFond as a Relator. Dkt. 13. Relator DeFond was a former in-house counsel for Avanade. As a Relator, she filed a motion seeking the Court's guidance on her ability to participate in the case, and on the issue of whether certain documents in her possession from her employment were protected against disclosure to the United States by the attorney client privilege. Relators' *Ex Parte* Motion, *Uchytil v. Avanade Inc., et al.,* Case No. C12-2091-JCC (W.D. Wash. August 1, 2014), ECF No. 15. On

ORDER - 1

August 18, 2014, the Honorable John C. Coughenour referred plaintiff's motion to the undersigned. ECF No. 19 (C12-2091-JCC).

Although the initial *qui tam* action was filed on an *ex parte* basis and the file sealed, the undersigned did not believe the contours of the relief sought by the referral could be properly considered without the input of Avanade, the holder of any privilege. Accordingly, the Court set up an ancillary proceeding, *In re Examination of Privilege Claims*, MC15-15-JPD. The ancillary proceeding was also sealed, and limited to involvement by Relator DeFond, her counsel and the Avanade defendants. In other words, neither the United States nor Ms. Uchytil, the original Relator, was involved in the proceeding.

Prior to Avanade's entry into the ancillary proceeding, Relator DeFond advised the Court that she had a large number of documents which she took from her employer at the termination of her employment. She requested assistance in terms of her ability, if any, to turn over some of these documents to the United States while the government was considering whether to intervene in the underlying *qui tam* action. The Court directed Relator DeFond to create a "reverse privilege log," identifying the specific documents that she claimed were not privileged and the reason for the claim, and then directed that the log and documents be served on Avanade. Dkt. 25.

Relator DeFond identified 206 documents that she claimed were not privileged, but which were relevant to the *qui tam* action. Upon Avanade's appearance in the ancillary proceeding (MC15-15-JPD), the Court then directed Avanade to respond to the "reverse privilege log" with its own privilege log. Dkt. 7. When Avanade did so, Avanade continued to claim privilege as to 127 documents of the 206 documents contained on Relator DeFond's reverse privilege log. Of those 127 documents as to which privilege was asserted, only 86 were unique documents, and 41 were duplicates. Dkt. 13.

ORDER - 2

Relator DeFond claims that the documents at issue are not privileged for the following reasons: (1) some do not contain legal advice; (2) as to documents involving Relator DeFond, she wore two hats while working at Avanade -- as a business advisor and as in-house counsel-- and some of the documents related only to her role as a business advisor; (3) some documents contain only non-privileged facts; (4) some documents were exchanged with other parties -- the effect of which was to waive the privilege; and (5) the crime-fraud exception vitiates any claim of privilege.

The Court has held multiple hearings in the ancillary proceeding on the issues presented, including one in which Avanade presented on an *ex parte* basis its argument regarding why the common interest doctrine applied to certain documents such that disclosure to Accenture employees did not constitute a waiver.[1] *See* Dkts. 8, 21, 39, 62, 70, 75, and 86 (MC15-15-JPD).  On June 4, 2015, the Court held that Relator DeFond had established a *prima facie* showing that the documents at issue may not be privileged due to the sharing of the allegedly privileged documents with Accenture employees during a 2011 purchase transaction between Accenture and Avanade called "Project Magnolia."  Accordingly, the Court exercised its discretion to conduct an *in camera* review of the 86 documents at issue to determine whether the sharing of documents with Accenture representatives during Project Magnolia operated as a waiver of the privilege, i.e., whether the common interest doctrine applies, and

---

[1] The *ex parte* nature of some of the proceedings to allow Avanade an opportunity to defend its privilege was consistent with the procedures set out in the Ninth Circuit's decision in *In re Napster Inc. Copyright Litig*. 479 F.3d 1078, 1093 (9th Cir. 2007) (abrogated on other grounds by *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009)).  *See also In re Gen. Motors Corp*., 153 F.3d 714, 717 (8th Cir. 1998) (providing that plaintiffs have no "lawful right to insist on being present or represented at the in camera review, even if [the privilege holder] is permitted to present evidence and argument"); *Mitchum v. Calderon*, 1996 WL 33322268, at *6 (N.D. Cal. Dec. 20, 1996) ("courts often determine whether information must be protected from disclosure to a party's opponent in confidential proceedings without the opponent's participation.").

ORDER - 3

determine whether Avanade has met its burden of establishing a prima facie case of attorney-client privilege. Dkt. 66 (MC15-15-JPD).

On April 17, 2015, the Honorable John C. Coughenour expanded the reference to the undersigned to consider the possible disqualification of Relator DeFond and her attorneys. Dkt. 38. Avanade has filed a motion to disqualify Relator DeFond and to stay the proceedings pending the disqualification motion. Dkt. 88 (MC15-15-JPD). A hearing on the motion to disqualify Relator DeFond is scheduled for August 3, 2015.

Having critically reviewed the 86 unique documents at issue for the first four reasons posited by Relator DeFond, for the reasons set forth in Dkt. 125 in MC15-15-JPD, the Court finds that Avanade has established a prima facie case of attorney-client privilege over the majority of the documents identified on the privilege log, subject to specific exceptions identified below.[2] Accordingly, the Court finds as follows:

1. Documents 1, 23, 25, 33, 40, 50, 60, 70, 87, 90, 100, 128, 153, 154, 159, and 195 are not privileged as they are simply transmittal emails. The documents attached to the emails, separately numbered, meet the standards of legal advice and are presumptively covered by the attorney client privilege.[3]

2. There is no privilege attached to the "Project Raven" due diligence PowerPoint decks, documents 32, 43, 53, 63, 73, 85, 86, 103, 110, 121, 122, 125, 130, 139, 140, 161, 162, 163, 196. While the Legal Section at one time may have been privileged, the indiscriminate dissemination of the complete document, including the Legal Section, to include 25-43 individuals in separate departments (Human Relations,

---

[2] The document numbers used herein correspond to Avanade's numbering in its privilege log.

[3] Although document 195 is not technically a "transmittal email," the Court finds that this email communication is also not privileged as it does not contain legal advice or a request for legal advice.

ORDER - 4

Tax, Facilities, etc.) waives any privilege which might otherwise exist.  With respect to document 81, a Project Magnolia PowerPoint deck, Avanade is directed to provide the Court with further information regarding its dissemination within ten (10) days so the Court can determine whether the privilege was also waived with respect to that PowerPoint presentation.

3. The remaining 84 documents (65 of which are unique) are presumptively privileged, subject to further review as to the applicability of the crime-fraud exception.  These documents are 2-11, 16, 18, 24, 26-27, 34, 37-39, 41, 49, 51, 59, 61, 69, 71, 79, 83-84, 89, 91-94, 96-99, 101, 111-112, 120, 124, 126-127, 136-137, 141-152, 155, 157-158, 164-173, 177-178, 183-184, 189-194, 198-199, 202-205, and 207-209.

4. The crime-fraud exception analysis will be conducted after the Court determines whether Relator DeFond is an appropriate Relator or must be disqualified.

The Clerk is directed to send a copy of this Sealed Order to Assistant United States Attorney Harold Malkin, counsel for Plaintiffs/Relators, and to the Honorable John C. Coughenour.

DATED this 28th day of July, 2015.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER - 5