THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE EXAMINATION OF PRIVILEGE CLAIMS, | Case No. MC15-0015-JCC-JPD<br><br>ORDER |

This matter comes before the Court on Avanade's objection (Dkt. No. 139) to the privilege order (Dkt. No. 125) issued by the Honorable James P. Donohue, United States Magistrate Judge. Having reviewed Judge Donohue's order, Avanade's objection, and the relevant record, the Court ADOPTS the privilege order for the reasons set forth herein.

I.  BACKGROUND

This ancillary proceeding arose from Case No. C12-2091-JCC, a *qui tam* action filed against Avanade by its former employee, Maria Uchytil, on behalf of the United States. (Dkt. No. 125 at 1.) Jean DeFond, Avanade's former in-house counsel, was also named as a relator in the *qui tam* action. (Dkt. No. 125 at 1.) DeFond sought the Court's guidance as to whether she could participate in the case and whether certain documents in her possession were protected by the attorney-client privilege. (Dkt. No. 125 at 1.) Judge Donohue set up this proceeding to answer those questions. (*See* Dkt. No. 125 at 2.)

The present order pertains to the question of privilege. Judge Donohue directed DeFond to create a reverse privilege log, identifying the documents she claimed were not privileged and her reasoning for those claims. (Dkt. No. 125 at 2.) Judge Donohue then directed Avanade to respond to the reverse privilege log with its own privilege log. (Dkt. No. 125 at 2.) In response, Avanade claimed privilege as to 86 unique documents. (Dkt. No. 125 at 2.)

Judge Donohue held multiple hearings on the privilege issue and conducted an *in camera* review of the 86 documents. (Dkt. No. 125 at 3.) He determined that 65 unique documents were presumptively privileged, subject to further review as to the applicability of the crime-fraud exception. (Dkt. No. 125 at 5.) He also determined that several documents were not privileged, because they were simply transmittal e-mails. (Dkt. No. 125 at 4.) Neither of these rulings has been challenged.

At issue is Judge Donohue's conclusion that Avanade waived any privilege as to its "Project Raven" due diligence PowerPoint decks. (Dkt. No. 125 at 4.) Project Raven was a transaction in which Avanade sought to acquire certain assets from an affiliate. (*See* Dkt. No. 81 at 1-2.) Avanade assembled a due diligence team, including representatives from the legal, business operations, finance, human relations (HR), technology and commercial, tax, information technology (IT), and facilities groups. (Dkt. No. 125 at 14.) The due diligence PowerPoint decks included 19 slides of legal information. (Dkt. No. 125 at 14.) The PowerPoint decks were disseminated in full—including the legal section—to every member of the due diligence team. (Dkt. No. 125 at 14.)

Avanade maintained that this wide dissemination did not invalidate the attorney-client privilege. (*See* Dkt. No. 13 at 6.) Avanade's corporate development director, Kevin Kroll, explained that the "entire team needed to be aware of all the legal issues that could impact the transactions so that it could weigh and balance all of the inputs and make informed decisions in advising the company." (Dkt. No. 108 at 3.) Michael Marchant, who drafted the content of the legal slides, stated that "these decks were only circulated to people involved in the evaluation or

approval of the transaction and were not, as a matter of course, circulated outside of that group."
(Dkt. No. 81 at 4.)

Judge Donohue rejected Avanade's assertion of waiver as to the PowerPoint decks:

> The Court is not persuaded that "the entire team needed to be aware of all the legal issues that could impact the transaction," i.e., that the departments identified above (HR, Tax, IT, Facilities, Finance and Business) would have a "need to know" the contents of that Legal Section. Certainly, there is nothing in the record that would support providing this information to these individuals. There is no suggestion, for example, that this information was needed by these employees to carry out their work or would have influenced any of the decisions made by the heads of the various divisions considering the acquisition. Rather, it appears to have been disseminated on the basis of convenience.

(Dkt. No. 125 at 15.)

Avanade objects to this conclusion. (Dkt. No. 139.) It argues that Judge Donohue applied an overly strict test by requiring Avanade to prove each individual on the due diligence team needed access to the legal advice. (Dkt. No. 139 at 3-4.) Avanade further asserts that Judge Donohue erred in finding that there was no evidence supporting the due diligence team's need to know the legal analysis. (*See* Dkt. No. 139 at 4, 7.)

## II.  DISCUSSION

### A.  Standard of Review

A district court judge may designate a magistrate judge to hear and determine a non-dispositive pretrial matter. *See* 28 U.S.C. § 636(b)(1)(A). The district court may reconsider a magistrate judge's decision on a pretrial matter where it has been shown that the decision is clearly erroneous or is contrary to law. *Id.*

### B.  Attorney-Client Privilege

The attorney-client privilege protects confidential disclosures made to an attorney by a client to obtain legal advice, as well as the attorney's advice in response to such disclosures. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009). Courts typically apply an eight-part test to determine whether information is covered by the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Id.* "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002) (internal quotations omitted). The party asserting the privilege bears the burden to establish all elements of the privilege. *Id.* "Blanket assertions of the privilege are extremely disfavored." *Clark v. Amer. Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992).

Voluntarily disclosing privileged documents to third parties generally destroys the attorney-client privilege. *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126-27 (9th Cir. 2012). This principle does not apply if "the presence of a third person is indispensable in order for the communication to be made to the attorney." *Himmelfarb v. United States,* 175 F.2d 924, 939 (9th Cir. 1949). This exception is particularly relevant for corporations, which, as inanimate entities, must act through agents. *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985). Accordingly, the U.S. Supreme Court held that attorney-client privilege applies to communications between counsel and corporate employees regarding matters within the scope of their corporate duties, supplied for the purpose of obtaining legal advice for the corporation, and treated in a confidential matter. *Upjohn v. United States*, 449 U.S. 383, 394-95 (1981). Lower courts have supplemented this test with a "need to know" prong, requiring that " 'the communication is not disseminated beyond those persons who, because of the corporate structure, need to know its contents.' " *Cohen v. Trump*, 2015 WL 3617124 (S.D. Cal. 2015) (quoting *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 608 (8th Cir. 1977)). *See also Cottillion v. United Ref. Co.*, 279 F.R.D. 290, 298 (W.D. Pa 2011) (privilege is waived "when the communications are relayed to those who do not need the information to carry out their work or make effective decisions on the part of the company").

ORDER
PAGE - 4

### C. Analysis

Avanade objects that Judge Donohue's ruling was contrary to law, because he applied an "overly strict" version of the need to know prong. (*See* Dkt. No. 139 at 8.) Avanade relies on a D.C. Circuit case holding that a "company's burden is to show that it limited its dissemination of the documents in keeping with their asserted confidentiality, not to justify why each individual in possession of a confidential document needed the information [therein] to carry out his/her work." *F.T.C. v. GlaxoSmithKline*, 294 F.3d 141, 147 (D.C. Cir. 2002) (internal quotations omitted). This approach has not been adopted in the Ninth Circuit, and *GSK* is not binding on this Court. Avanade does not show that Judge Donohue's ruling was contrary to the law of this jurisdiction.

Avanade further asserts that Judge Donohue clearly erred in finding that there is "no suggestion" that every member of the due diligence team would need to know the contents of the legal section. (Dkt. No. 139 at 11.) As support, Avanade points to Kroll's declaration that the entire due diligence team needed access to the legal content. (Dkt. No. 139 at 11-12.) But, Judge Donohue was clearly aware of the declaration. (*See* Dkt. No. 125 at 14-15.) His finding indicates that he did not consider the declaration to be adequate evidence of the due diligence team's "need to know."

The attorney-client privilege is narrow, and Avanade bears the burden of demonstrating that it applies in this case. Kroll's blanket statement will not suffice. Judge Donohue did not err in concluding that the attorney-client privilege was waived here.

### III. CONCLUSION

For the foregoing reasons, the Court ADOPTS in full the privilege order (Dkt. No. 125). This matter is REFERRED to Judge Donohue to conduct further necessary proceedings, including (1) determining whether Document 81, the "Project Magnolia Overview" PowerPoint, was similarly disseminated (*see* Dkt. No. 125 at 4-5; Dkt. No. 134); and (2) whether the

presumptively privileged documents are subject to the crime-fraud exception.[1]

DATED this 12 day of November 2015.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The crime-fraud exception analysis will be conducted after the Court determines whether DeFond must be disqualified as a relator. (*See* Dkt. No. 125 at 5.) The Court's decision on that matter is forthcoming.

ORDER
PAGE - 6