THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| IN RE EXAMINATION OF PRIVILEGE CLAIMS | Case No. MC15-0015-JCC-JPD<br>Case No. C12-2091-JCC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION REGARDING MOTION TO DISQUALIFY |

This matter comes before the Court on the Relators' objections (Dkt. No. 143) to the Report and Recommendation (Dkt. No. 141) issued by the Honorable James P. Donohue, United States Magistrate Judge. Having reviewed Judge Donohue's Report and Recommendation, the Relators' objections, and the relevant record, the Court ADOPTS the Report and Recommendation (Dkt. No. 141) for the reasons set forth herein.

I.   BACKGROUND

This ancillary proceeding arose from Case No. C12-2091-JCC, a *qui tam* action filed against Avanade by its former employee, Maria Uchytil, on behalf of the United States. (Dkt. No. 125 at 1.) Jean DeFond, Avanade's former in-house counsel, was also named as a relator in the *qui tam* action. (Dkt. No. 125 at 1.) DeFond sought the Court's guidance as to whether she could participate in the case and whether certain documents in her possession were protected by the attorney-client privilege. (Dkt. No. 125 at 1.) Judge Donohue set up this proceeding to

answer those questions. (*See* Dkt. No. 125 at 2.) The present order addresses the question of DeFond's participation in this case.

The underlying *qui tam* action pertains to Avanade's sale of software called "Task Management Tool," or TMT, to federal agencies. (*See* Dkt. No. 150 at 308-09.) The Relators allege that Avanade defrauded the United States by overcharging and charging multiple times for the TMT software. (Dkt. No. 150 at 309.) DeFond's duties at Avanade included preparing licenses and other sales documents for TMT sales to federal agencies. (Dkt. No. 150 at 303.)

Avanade moved to disqualify DeFond as a relator, arguing that she breached her duties of loyalty and confidentiality in violation of the Washington Rules of Professional Conduct (RPCs). (Dkt. No. 88 at 3.) Specifically, Avanade asserted that DeFond impermissibly switched sides under RPC 1.9(a) and used information relating to the representation of a former client to the client's disadvantage under RPC 1.9 (c). (Dkt. No. 88 at 9, 16.)

Judge Donohue recommended that Avanade's motion be granted. (Dkt. No. 141.) He made this recommendation under RPC 1.9(a), reasoning that DeFond, as a relator, represented the United States in the *qui tam* action, which is substantially related to her prior representation of Avanade. (Dkt. No. 141 at 11, 15.) Because Judge Donohue determined that DeFond should be disqualified under RPC 1.9(a), he found it unnecessary to determine whether she would also be disqualified under RPC 1.9(c). (Dkt. No. 141 at 17.)

The Relators objected to Judge Donohue's report and recommendation. (Dkt. No. 143.) They made three objections: first, that the report created a *per se* bar precluding attorneys from serving as relators; second, that attorneys serving as relators do not represent the United States within the meaning of RPC 1.9(a); and third, that Judge Donohue failed to resolve the primary issue of whether DeFond can disclose the documents in her possession to the United States. (Dkt. No. 143 at 1-2.)

RECOMMENDATION REGARDING MOTION TO
DISQUALIFY
PAGE - 2

## II. DISCUSSION

### A. Standard of Review

A district judge reviews objections to a magistrate judge's report and recommendation *de novo*. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

### B. Analysis

Under RPC 1.9(a), a "lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing."

The Relators first argue that Judge Donohue's report creates a *per se* bar precluding attorneys from serving as relators. (Dkt. No. 143 at 1.) But, Judge Donohue's report explicitly acknowledges that DeFond's status as an attorney did not automatically disqualify her from serving as a relator. (Dkt. No. 141 at 8-10.) His recommendation that DeFond be disqualified stemmed instead from his application of RPC 1.9(a) to the facts of this case. (*See* Dkt. No. 141 at 14.) The Court acknowledges the Relators' concerns about the practical impacts of disqualifying attorneys who have been exposed to certain information. (*See* Dkt. No. 143 at 2-5.) Nonetheless, this is not the proper forum for raising such policy concerns. The Court is bound to apply RPC 1.9(a) as it is written.

The Relators next argue that Judge Donohue misapplied the law as to whether DeFond "represents" the United States within the meaning of RPC 1.9(a) when serving as a relator. (Dkt. No. 143 at 1.) The Relators maintain that Rule 1.9(a) is triggered only when an attorney represents both clients in an attorney-client capacity. (Dkt. No. 143 at 5.) They rely on *United States v. Quest Diagnostics, Inc.*, 734 F.3d 154, 166 (2nd Cir. 2013), where the Second Circuit stated that a relator "act[ed] neither as the real party in interest nor in a representative capacity."

However, this was not in the context of an RPC 1.9(a) analysis; in fact, the court explicitly stated that it was not considering the "side-switching" rule. *Id.* at 165. Moreover, the district court order that the *Quest* court affirmed—albeit on different grounds—explicitly held that a *qui tam* plaintiff "represents" the United States within the meaning of the side-switching rule. *United States ex rel. Fair Laboratory Practices Assocs. v. Quest Diagnostics, Inc.*, 2011 WL 1330542 at *7 (S.D.N.Y. 2011). This is consistent with Ninth Circuit authority, which states that "*qui tam* relators are not prosecuting only their 'own case' but also representing the United States." *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126-27 (9th Cir. 2007).

Finally, the Relators argue that Judge Donohue failed to address the primary issues of privilege presented under the initial referral order. (Dkt. No. 143 at 10.) However, Judge Donohue has partially addressed the privilege issues (Dkt. No. 125), and the Court adopted his privilege order in full (Dkt. No. 152). His decision to delay consideration of the remaining issue—the crime-fraud exception—was well within his authority. *See In re HQ Sustainable Maritime Indus., Inc.*, 826 F. Supp. 2d 1256, 1263 (W.D. Wash. 2011) ("The Court has inherent powers to control its docket and to promote the efficient use of resources for itself and the parties.").

## III.   CONCLUSION

For the foregoing reasons, the Court ADOPTS the Report and Recommendation (Dkt. No. 141). This matter is REFERRED to Judge Donohue to conduct further necessary proceedings, including determining whether the crime-fraud exception applies.

//
//
//
//
//
//

1       DATED this 1 day of December 2015.

                                                                    /s/ John C. Coughenour
                                                                    John C. Coughenour
                                                                    UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND
RECOMMENDATION REGARDING MOTION TO
DISQUALIFY
PAGE - 5