THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| IN RE EXAMINATION OF PRIVILEGE CLAIMS, | CASE NO. MC15-0015-JCC-JPD |
|---|---|
| | ORDER |

This matter comes before the Court on Avanade's Motion (Dkt. No. 153) to certify the Order (Dkt. No. 152) for Interlocutory Appeal under 28 U.S.C. § 1292(b). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

**I. BACKGROUND**

This ancillary proceeding arose from Case No. C12-2091-JCC, a *qui tam* action filed against Avanade by its former employee, Maria Uchytil, on behalf of the United States. (Dkt. No. 125 at 1.) Jean DeFond, Avanade's former in-house counsel, was also named as a relator in the *qui tam* action.[1] (Dkt. No. 125 at 1.) DeFond sought the Court's guidance as to whether she

---

[1] This Court adopted Judge Donohue's recommendation that Ms. DeFond be disqualified as relator (Dkt. No. 141). Currently, a motion is pending seeking Final Judgment under FRCP 54(b) or Certification for Interlocutory Appeal under 28 U.S.C. 1292(b) of that order. Because Ms. DeFond was disqualified we use the term "relator," rather than "relators," in this order.

PAGE - 1

could participate in the case and whether certain documents in her possession were protected by the attorney-client privilege. (Dkt. No. 125 at 1.) Judge Donohue set up an *in camera* proceeding to answer those questions. (See Dkt. No. 125 at 2.)

This particular matter arose after this Court adopted Judge Donohue's order finding Avanade waived privilege as to the Project Raven PowerPoint Decks when it distributed the Decks to its "Due Diligence Teams." These teams consist of representatives from the Legal Department, Business Operations, Finance, Human Relations, Technology and Commercial, Tax, Information Technology (IT), and Facilities Groups. (Dkt. No. 125 at 14.) This Court found that Judge Donohue correctly concluded Avanade waived attorney-client privilege by disseminating the Decks so widely. (Dkt. No. 152.) Avanade now seeks Interlocutory Appeal of that decision. (Dkt. No. 153.)

Avanade argues this case presents a novel legal question of special consequence for the protection of a corporation's attorney–client privilege and asks this Court to certify the issue for interlocutory appeal. (Dkt. No. 153 at 5.) Relator argues this case does not meet the statutory criteria granting the Ninth Circuit jurisdiction over an appeal at this stage of the trial. (Dkt. No. 156 at 1–2.)

## II. DISCUSSION

### A. Legal Standard

28 U.S.C. § 1292(b) grants the federal courts of appeals jurisdiction over interlocutory appeals when a district court order is entered that would not otherwise be appealable under 28 U.S.C. § 1292, and when the district judge finds the order is appropriate for interlocutory appeal. Specifically, an interlocutory appeal may be appropriate if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b).

PAGE - 2

Interlocutory appeals are approved only in "rare circumstances" because they are "a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1070, note 6 (9th Cir. 2002); *see also White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) ("A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted.").

### B. Analysis

#### 1. Controlling Question of Law

While Congress did not specifically define what it meant by "controlling," the Ninth Circuit determined it meant that resolution of the issue on appeal could materially affect the outcome of litigation in the district court. *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982) (holding that an order denying recusal would in no way affect the eventual outcome of the litigation and is therefore not a controlling question of law).

Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of legal questions, which if decided in favor of the appellant, would end the lawsuit. *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959). While the issue presented need not automatically end the action, it must at least constitute reversible error. *Katz v. Carte Blanche Corp.*, 466 F.2d 747, 755 (3d Cir. 1974). Examples of such controlling questions include those relating to jurisdiction or a statute of limitations, which the district court decided in a manner that keeps the litigation alive, but if answered differently would terminate the case. *Woodbury*, 263 F.2d at 787. In *Woodbury*, the Ninth Circuit considered whether interlocutory appeal was appropriate on the issue of whether the government could withhold documents under the claim of privilege. The court answered that question in the negative, reasoning that the privilege issue was collateral and thus not a controlling question within the meaning of § 1292(b). *Id.* at 786–87.

PAGE - 3

1       Avanade relies heavily on dicta from *Mohawk Industries, Inc. v. Carpenter*, 558 U.S.
2 103, 106 (2009), for the proposition that a privilege issue involving a new legal question meets
3 § 1292's requirements. (Dkt. No. 153 at 1–3, 5, 8, 10, 11.) In *Mohawk*, the petitioner
4 unsuccessfully attempted to bring a collateral order appeal under the *Cohen*[2] doctrine, an
5 interpretation of 28 U.S.C. § 1291 as encompassing both judgments that terminate an action and
6 also a "small class" of collateral rulings that do not end the litigation, but are appropriately
7 deemed "final." 558 U.S. at 106. In dicta, the Court briefly describes the alternatives to the
8 *Cohen* doctrine, using the language Avanade so heavily relies upon: "the preconditions for
9 §1292(b) review . . . are most likely to be satisfied when a privilege ruling involves a new legal
10 question or is of special consequence." 558 U.S. at 111. However, the *Mohawk* Court was not
11 interpreting 28 U.S.C. § 1292(b); rather, the Court suggested alternatives that similarly situated
12 parties may seek in the future. *See id.*
13       Relator, on the other hand, argues this narrow exception to the rule that only final
14 judgments are appealable should not be invoked with such a broad dictum statement. (Dkt. No.
15 156 at 2–3.) Relator further argues that § 1292(b) certification is not appropriate because Ninth
16 Circuit precedent suggests that the issue here is not sufficiently fundamental. *See Woodbury*, 263
17 F.2d at 788."
18       *Woodbury* suggests that the issue over whether Avanade waived privilege as to "Project
19 Raven" is not a controlling question of law because it is collateral to the basic issues of the case.
20 *See* 263 F.2d at 787. The basic issue in the case is whether Avanade violated the False Claim
21 Act— not whether Avanade waived privilege as to its "Project Raven" PowerPoint decks (*See*
22 Dkt. No. 125 at 1–5, 14.) The order determining whether the documents are privileged "involves
23 nothing as fundamental as the determination of who are necessary and proper parties, whether a
24 court to which a cause has been transferred has jurisdiction, or whether state law shall be

---

[2] *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949).

PAGE - 4

1 applied." *Woodbury*, 263 F.2d 787. Therefore, the issue of whether these PowerPoint Decks are
2 privileged is collateral to the basic issues of the case and is not a "controlling question of law."
3 *See id.*

4 Furthermore, Avanade cites no authority suggesting an erroneous ruling regarding
5 privilege would constitute reversible error. (Dkt. Nos. 153 and 159.) Section 1292(b) is not
6 intended to grant jurisdiction over issues that might be reversed at a later time. Rather, the statute
7 aims to expedite litigation—a goal that will not be achieved if a party unhappy with an order
8 seeks appellate review at each step of the litigation. Therefore, Avanade has failed to establish
9 that this issue is a controlling question of law under 28 U.S.C. §1292(b).

### 2. Substantial Ground for Difference of Opinion

Even if the matter involved a controlling question of law, Avanade must also show the controlling question of law involves an issue for which "substantial ground for difference of opinion" exists. To determine if a "substantial ground for difference of opinion" exists under §1292(b), courts must examine to what extent controlling law is unclear. *Couch v. Telescope*, 611 F.3d 629, 633 (9th Cir. 2010). Courts are more likely to find a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals for the circuit has not spoken on the point." *Id.* (quoting 3 Fed. Procedure, Lawyers Edition §3:212 (2010)). Therefore, the question under this prong is not whether its application of the law was correct; rather, the question is whether a substantial ground for difference of opinion exists.

The relevant law concerns attorney–client privilege. The attorney–client privilege protects confidential disclosures made to an attorney by a client to obtain legal advice, as well as the attorney's advice in response to such disclosures. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009). The U.S. Supreme Court held that attorney–client privilege applies to communications between counsel and corporate employees regarding matters within the scope of their corporate duties, supplied for the purpose of obtaining legal advice for the corporation, and

PAGE - 5

treated in a confidential matter. *Upjohn v. United States*, 449 U.S. 383, 394–95 (1981). Lower courts have supplemented this test with a "need to know" prong, requiring that "the communication is not disseminated beyond those persons who, because of the corporate structure, need to know its contents." *Cohen v. Trump*, 2015 WL 3617124 (S.D. Cal. 2015) (quoting *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 608 (8th Cir. 1977)). *See also Cottillion v. United Ref. Co.*, 279 F.R.D. 290, 298 (W.D. Pa 2011) (privilege is waived "when the communications are relayed to those who do not need the information to carry out their work or make effective decisions on the part of the company"). It is the application of the need to know prong that is disputed in this matter.

Avanade argues this case presents a novel legal question of special consequence for the protection of a corporation's attorney–client privilege. Avanade argues that this Court applied an "overly strict" version of the need to know prong and erred in finding attorney–client privilege was waived. (*See* Dkt. No. 139 at 8.) Avanade relies on a D.C. Circuit case holding that a "company's burden is to show that it limited its dissemination of the documents in keeping with their asserted confidentiality, not to justify why each individual in possession of a confidential document needed the information [therein] to carry out his/her work." *F.T.C. v. GlaxoSmithKline*, 294 F.3d 141, 147 (D.C. Cir. 2002) (internal quotations omitted). This approach has not been adopted in the Ninth Circuit, and Avanade cites no authority that suggests this approach has been adopted in any circuits other than the D.C. Circuit. (*See* Dkt. Nos. 153 at 7 and 159 at 2.)

In an *ex parte* sealed hearing on June 30, 2015, Judge Donohue asked counsel for Avanade "if all these people were sent this privileged legal advice 'because it's easier to do that than to segregate it' [and] Counsel acknowledged that likely would have been one of the reasons." (Dkt. No. 125 at 14.) Counsel's admission is further supported by the Decks' many recipients whose need for the document is unclear and seemingly unlikely. As other circuits have recognized, when dissemination is made on the basis of convenience, rather than necessity,

PAGE - 6

1 privilege is waived. *See, e.g.*, *Cavallaro v. United States*, 284 F.3d 236, 249 (1st Cir. 2002)
2 ("The 'necessity' element means more than just useful and convenient. The involvement of the
3 third party must be nearly indispensible or serve some specialized purpose in facilitating the
4 attorney-client communications.").

5 Avanade argues that the Court need not inquire why each recipient was necessary to carry
6 out their work or make effective decisions on the part of the company. (Dk. No. 153 at 6.)
7 Avanade asks this Court to graft a business judgment rule into the attorney–client privilege
8 analysis—meaning the corporation can never waive its privilege so long as it states that it
9 disseminated the document to whomever the corporation deemed necessary. After arguing this
10 unsuccessfully (Dkt. Nos. 139 at 6–9 and 152 at 5), Avanade now attempts to argue that a
11 substantial ground for difference of opinion exists as to this application of the need to know rule.

12 However, "just because counsel contends that one precedent rather than another is
13 controlling does not mean there is a substantial difference of opinion as will support an
14 interlocutory appeal." *Couch v. Telescope*, Inc., 611 F.3d 629, 633 (9th Cir. 2010). "A
15 substantial ground for difference of opinion is often established by a dearth of precedent within
16 the controlling jurisdiction and conflicting decisions in other circuits." *APCC Servs., Inc. v. At &*
17 *T Corp.*, 297 F. Supp. 2d 101, 107 (D.D.C. 2003). Avanade does not meet this proposition
18 because the conflicting decision is a narrow view—not "decisions in other circuits" that create a
19 substantial ground for difference of opinion. *Id.*

20           **3. Immediate Appeal May Advance the Ultimate Determination of the
21               Litigation**

22 The Court need not examine the third prong in great detail because the first two prongs
23 are not met. *See* 28 U.S.C. 1292(b). However, the third prong also supports denial of Avanade's
24 motion. This matter comes before the Court based on a referral to Magistrate Judge Donohue to
25 determine privilege issues related in this *qui tam* action under the False Claims Act. (Dkt. No. 1
26

PAGE - 7

at 1.) The matter has been pending before Judge Donohue for over one year and is still on-going. (Dkt. No. 156 at 5.) Certification of interlocutory appeal will only add further delay in this litigation.

### III. CONCLUSION

For the foregoing reasons, Avanade's motion for certification under 28 U.S.C. § 1292(b) (Dkt. No. 153) is DENIED.

DATED this 25th day of January 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE