THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE EXAMINATION OF PRIVILEGE CLAIMS, | CASE NO. MC15-0015-JCC-JPD<br><br>ORDER |

This matter comes before the Court on Relators' motion (Dkt. No. 160) to enter final judgment on or certify for interlocutory appeal this Court's order disqualifying Relator Jean DeFond (Dkt. No. 154). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

I.   BACKGROUND

This ancillary proceeding arose from Case No. C12-2091-JCC, a *qui tam* action filed against Avanade by its former employee, Maria Uchytil, on behalf of the United States. (Dkt. No. 125 at 1.) Jean DeFond, Avanade's former in-house counsel, was also named as a relator in the *qui tam* action. (Dkt. No. 125 at 1.) DeFond sought the Court's guidance as to whether she could participate in the case and whether certain documents in her possession were protected by the attorney-client privilege. (Dkt. No. 125 at 1.) United States Magistrate Judge Donohue set up an *in camera* proceeding to answer those questions. (*See* Dkt. No. 125 at 2.)

This particular matter arose after this Court adopted Judge Donohue's recommendation that DeFond be disqualified as a relator. (*See* Dkt. No. 154 at 4.) The Court held that Judge Donohue correctly concluded DeFond impermissibly switched sides by previously representing Avanade and now representing the United States. (Dkt. No. 154 at 2, 4.) Relators seek entry of final judgment under Fed. R. Civ. P. 54(b) or certification for interlocutory appeal of that decision under 28 U.S.C. § 1292(b). (Dkt. No. 160.)

## II.  DISCUSSION

### A.  Final Judgment under Fed. R. Civ. P. 54(b)

#### 1. Legal Standard

Under Fed. R. Civ. P. 54(b),
> [w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

When faced with a Rule 54(b) motion, the district court must first ask whether it is dealing with a final judgment. *Curtis-Wright Corp. v. Gen. Elect. Co.*, 446 U.S. 1, 7 (1980). "It must be a judgment in the sense that it is a decision upon a cognizable claim for relief, and it must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* (internal quotations omitted). If the Court finds finality, it must then determine whether there is any just reason for delay. *Id.* at 8. The Court considers judicial administrative interests as well as the equities involved. *Id.* The Court scrutinizes Rule 54(b) claims to "prevent piecemeal appeals in cases which should be reviewed only as single units." *McIntyre v. United States*, 789 F.2d 1408, 1410 (9th Cir. 1986).

#### 2. Analysis

The Court first asks whether the order disqualifying DeFond constitutes a final judgment within the meaning of Rule 54(b). Relators maintain that it does, because the order resolved all claims asserted by DeFond. (Dkt. No. 160 at 5.) Avanade responds that DeFond's claim is not a "cognizable claim for relief," because DeFond acted only in a representative capacity on behalf

of the real party in interest: the United States. (Dkt. No. 161 at 2.)

Given the nature of *qui tam* relators, the Court agrees with Avanade. Under the False Claims Act (FCA), 31 U.S.C. §§ 3729-33, a relator sues in the name of the Government and, if the action is successful, the relator is entitled to between 15 and 25 percent of the proceeds. 31 U.S.C. § 3730(b), (d)(1). A relator's individual interest in the suit is this statutory financial incentive—not the underlying claim. *See United States ex rel. Hyatt v. Northrop Corp.*, 91 F.3d 1211, 1217 n.8 (9th Cir. 1996) ("*Qui tam* relators cannot and do not sue for FCA violations on their own behalf. Rather, they sue on behalf of the government as agents of the government, which is always the real party in interest."); *see also Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007) ("The FCA makes clear that notwithstanding the relator's statutory right to the government's share of the recovery, the underlying claim of fraud always belongs to the government."). Here, the order precluded DeFond from recovering a portion of any proceeds received by the Government. But, importantly, the order did not preclude the underlying claim from moving forward. The Court finds that the order disqualifying DeFond does not constitute a final judgment under Rule 54(b).

Moreover, the Court finds that judicial administrative interests and the equities of this case dictate that Relators' motion be denied. The *qui tam* suit has been pending for more than three years. (*See* Case No. C12-2091-JCC, Dkt. No. 1.) The present ancillary matter has been before Judge Donohue for a year and is still ongoing. (*See* Dkt. No. 1.) Avanade and the Government deserve to see this matter resolved within a reasonable timeframe. On balance, the resolution of this matter outweighs any prejudice to DeFond, who is not a true party-in-interest.

Relators' motion for entry of final judgment is DENIED.

**B.    Certification for Interlocutory Appeal under § 1292(b)**

1. <u>Legal Standard</u>

A district judge may certify an order for interlocutory appeal if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an

immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Interlocutory appeals are approved only in rare circumstances because they are "a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1070 n.6 (9th Cir. 2002); *see also White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) ("A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted.").

### 2. Controlling Issue of Law

Relators argue that the disqualification order involves a controlling question of law, because it "materially affects the outcome of the case as to DeFond." (Dkt. No. 160 at 8-9.) This argument skews the applicable standard. While Congress did not specifically define what constitutes a "controlling issue," the Ninth Circuit determined that an issue is controlling if its resolution on appeal could "materially affect the outcome of *litigation in the district court*." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026-27 (9th Cir. 1982) (emphasis added). As discussed above, DeFond is not a real party-in-interest in this case. Regardless of her disqualification, the litigation between Avanade and the Government continues. The order at issue here does not involve a controlling question of law.

### 3. Substantial Grounds for Disagreement

Furthermore, Relators have not demonstrated that the disqualification order involves an issue for which "substantial ground for difference of opinion" exists. To determine if a "substantial ground for difference of opinion" exists under § 1292(b), courts must examine to what extent controlling law is unclear. *Couch v. Telescope*, 611 F.3d 629, 633 (9th Cir. 2010). Courts are more likely to find a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals for the circuit has not spoken on the point." *Id.* (internal quotations omitted).

Here, Relators merely re-raise their arguments challenging Judge Donohue's conclusion

that DeFond impermissibly switched sides under Rule 1.9(a). (*See* Dkt. No. 160 at 9-12.) But, the question is not whether the Court's application of the law was correct; rather, the question is whether a substantial ground for difference of opinion truly exists. As Relators themselves admit, the only appellate decision that addresses this issue is *United States v. Quest Diagnostics, Inc.*, 734 F.3d 154 (2d Cir. 2013). (*See* Dkt. No. 160 at 9.) In that case, the district court found that a relator was disqualified under Rule 1.9(a), and the Second Circuit upheld the district court's disqualification order under a different provision, Rule 1.9(c). Relators argue that, by affirming on separate grounds, the court "implicitly rejected the district court's rulings under Rule 1.9(a)." (Dkt. No. 160 at 9.) This misconstrues the Second Circuit's opinion, which explicitly states that the court "need not consider" the Rule 1.9(a) issue. 734 F.3d at 165. This is insufficient to constitute a "substantial ground for difference of opinion."

Relators also argue that the Court's interpretation of *Stoner* is contrary to case law regarding formation of attorney-client relationships. (Dkt. No. 160 at 11.) But, the Court did not conclude that an attorney-client relationship had formed between DeFond and the Government. (*See* Dkt. No. 141 at 8-11; Dkt. No. 154 at 3-4.) Nor did the Court conclude that an attorney can never serve as a relator. (*See* Dkt. No. 154 at 3.) Instead, the Court found that DeFond's role in the lawsuit was of a representative capacity such that she violated her duty of loyalty to Avanade. (*See* Dkt. No. 141 at 11-12; Dkt. No. 154 at 3-4.) Relators have not identified a true conflict between the Court's application of *Stoner* and other existing case law.

The Court finds that the order at issue here does not involve an issue for which "substantial ground for difference of opinion" exists within the meaning of § 1292(b).

4.  <u>Advancing Ultimate Termination of Lawsuit</u>

The Court need not examine the third prong in great detail because the first two prongs are not met. *See* 28 U.S.C. 1292(b). Regardless, the third prong also supports denial of Relators' motion. As discussed above, this litigation can already be described as protracted. The Government's claims can be maintained regardless of DeFond's participation. Certification of

interlocutory appeal would only add to the increasing delay in this litigation.

Relators' motion for certification of interlocutory appeal is DENIED.

## III. CONCLUSION

For the foregoing reasons, Relators' motion for entry of final judgment or certification for interlocutory appeal (Dkt. No. 160) is DENIED.

DATED this 23rd day of February 2016.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE