THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE EXAMINATION OF PRIVILEGE CLAIMS | CASE NO. MC15-0015-JCC-JPD<br>CASE NO. C12-2091-JCC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION TO DENY MOTION TO DISQUALIFY RELATOR AND COUNSEL |

This matter comes before the Court on Avanade's objections (Dkt. No. 203)[1] to the Report and Recommendation (Dkt. No. 200) issued by the Honorable James P. Donohue, United States Magistrate Judge. Having reviewed the Report and Recommendation, the objections, and the relevant record, the Court OVERRULES the objections (Dkt. No. 203) and ADOPTS the Report and Recommendation (Dkt. No. 200) for the reasons set forth herein.

I.  BACKGROUND

This ancillary proceeding arose from Case No. C12-2091-JCC, a *qui tam* action filed against Avanade by its former employee, Maria Uchytil, on behalf of the United States. (Dkt. No. 125 at 1.) Jean DeFond, Avanade's former in-house counsel, was also named as a relator in the *qui tam* action. (Dkt. No. 125 at 1.) The ancillary proceeding focused on whether attorney-

---

[1] Citations to the docket refer to the ancillary proceeding, MC15-0015-JCC-JPD.

client privilege applied to documents DeFond took from Avanade when she left the company. (*See* Dkt. No. 200 at 2.) DeFond has since been disqualified as a relator because her role in the *qui tam* suit constituted impermissible side-switching in violation of Washington Rule of Professional Conduct (RPC) 1.9(a). (Dkt. No. 154.)

Avanade next moved to disqualify Uchytil, the sole remaining relator, as well as Uchytil's counsel (referred to as "Schlemlein"). (Dkt. No. 169.) Avanade argued that Schlemlein and Uchytil must be disqualified because they were exposed to Avanade's confidential and privileged information. (*Id.* at 3.)

Applying the four-part test set forth in *Foss v. Maritime Co. v. Brandewiede*, 359 P.3d 905 (Wash. Ct. App. 2015), and finding the disclosure of privileged information relatively narrow, Judge Donohue concluded that disqualification of Schlemlein and Uchytil was unwarranted. (*See* Dkt. No. 200 at 11, 27-28.) He thus recommended that Avanade's motion be denied. (*Id.* at 30.)

Avanade objects to the recommendation. (Dkt. No. 203.) It argues that Judge Donohue applied the wrong standard for disqualification of counsel. (*Id.* at 5.) It further asserts that, even under *Foss*, Judge Donohue erred in finding that neither the prejudice to Avanade nor Schlemlein's culpability justified disqualification. (*Id.* at 11-12.)

## II.     DISCUSSION

### A.     Standard of Review

A district judge reviews objections to a magistrate judge's report and recommendation *de novo*. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

### B.     Appropriate Test for Disqualification of Counsel

Avanade argues that Judge Donohue erred in applying the test set forth by the Washington State Court of Appeals in *Foss*. (Dkt. No. 203 at 5.) Under *Foss*, "[w]hen

disqualifying counsel based on access to privileged information, . . . a trial court must consider (1) prejudice; (2) counsel's fault; (3) counsel's knowledge of claim of privilege; and (4) possible lesser sanctions." 359 P.3d at 910. Avanade argues that the Court should instead follow the approach of other federal district courts in conflict-of-interest situations, focusing on the prejudice stemming from improper disclosure without consideration of fault or lesser sanctions. (Dkt. No. 203 at 5.)

This Court applies state law in determining matters of disqualification, and thus "must follow the reasoned view of the state supreme court when it has spoken on the issue." *In re County of Los Angeles,* 223 F.3d 990, 995 (9th Cir. 2000). "If the state supreme court has not spoken on the issue, we look to intermediate appellate courts for guidance." *Radcliffe v. Hernandez*, 818 F.3d 537, 543 (9th Cir. 2016).

Avanade describes *Foss* as "non-binding," because it came from the intermediate appellate court. (Dkt. No. 203 at 7.) This Court looks to state intermediate authority unless "we believe that the state supreme court would decide otherwise." *Radcliffe*, 818 F.3d at 543. Importantly, the *Foss* test is a collection of factors identified in Washington Supreme Court opinions. *See* 359 F.3d at 909-10. Thus, the Court sees no reason to believe the state's highest court would come to a different conclusion.

Avanade also calls *Foss* "inapposite," because it analyzed disqualification as a discovery sanction, not as a remedy for disclosures by a conflicted attorney.[2] (Dkt. No. 203 at 7.) But *Foss* does not make this distinction, nor does it limit its holding in this manner.[3] *See* 359 P.3d at 910. This Court is unconvinced that *Foss* must be applied only in the sanction context.

---

[2] As support, Avanade cites dicta from a footnote in an out –of-circuit case. *See United States v. Quest Diagnostics, Inc.*, 734 F.3d 154, 168 n.21 (2d Cir. 2013).
[3] This is reflected in the broad wording of the holding and in the posture of the case. *See Foss*, 359 P.3d at 908, 910. The *Foss* court appears to recognize that, even if the moving party does not ask for disqualification as a sanction, the act of disqualification penalizes the attorney and his or her client.

ORDER ADOPTING REPORT AND
RECOMMENDATION TO DENY MOTION TO
DISQUALIFY RELATOR AND COUNSEL
PAGE - 3

Avanade further argues that Judge Donohue erred in not treating this as a conflict-of-interest case. But it was DeFond who had the conflict of interest, and that conflict was addressed by her disqualification. Schlemlein and Uchytil never represented Avanade, and they owe it no duty of loyalty. Rather, the concern here is whether disclosure of the information prejudiced Avanade, and the *Foss* test addresses this concern.

The Court concludes that Judge Donohue applied the correct test in evaluating Avanade's motion for disqualification.

C.   **Application of *Foss* Test**

Avanade next argues that, even if the Court applies *Foss*, it should reach the opposite conclusion from Judge Donohue. (Dkt. No. 203 at 11.) This is so, Avanade asserts, because Schlemlein and Uchytil's exposure to the protected information will continue to prejudice Avanade throughout the litigation; because Schlemlein shared privileged documents with the Government; and because Schlemlein failed to insulate itself when the privilege concerns should have been apparent. (*Id.* at 11-12.)

Judge Donohue considered all of these arguments and ultimately rejected them. (*See* Dkt. No. 200 at 10-27.) He first reasoned that, given the "lesser sanction" factor of the *Foss* test, it would be inappropriate to presume prejudice. (*Id.* at 11.) Turning to the evidence of actual prejudice, Judge Donohue identified only three privileged documents—two of which had been distributed so widely that the Court deemed the attorney-client privilege waived and one of which he found not "material and significant" to the litigation. (*Id.* at 15, 17.) Thus, Judge Donohue viewed the prejudice as insufficient to necessitate disqualification. (*Id.* at 17-18.)

Judge Donohue further found that Schlemlein did not act with a sufficient level of culpability to justify disqualification. (*Id.* at 21.) Specifically, Judge Donohue noted that Schlemlein "proceeded with great care and caution," despite Avanade's argument—"with the benefit of 20/20 hindsight"—that Schlemlein should have taken different steps. (*Id.*) Judge Donohue also noted that Schlemlein, unlike the disqualified attorneys in the cases cited by

Avanade, sought guidance from the Court early in the process. (*Id.*) Judge Donohue reasoned that the question of privilege was a complicated one, with the parties and the Court investing a substantial amount of time determining when it applied. (*Id.*) Accordingly, he concluded that Schlemlein was not at fault for failing to immediately recognize the potential issues. (*Id.* at 22.)

Finally, Judge Donohue addressed the possibility of lesser sanctions, recognizing the harshness of disqualification. (*Id.* at 26.) Given the narrow scope of privileged documents that were disclosed and the lack of sufficient culpability, he concluded that no sanction would be necessary. (*Id.* at 26-27.)

The Court finds Judge Donohue's consideration of the factors well-reasoned and persuasive. Although Schlemlein and Uchytil were not absolutely shielded from any privileged information, both the ultimate prejudice and the level of culpability were low. Therefore, the Court adopts Judge Donohue's analysis and rejects Avanade's objections thereto.[4]

## III.  CONCLUSION

For the foregoing reasons, the Court OVERRULES Avanade's objections (Dkt. No. 203) and ADOPTS the Report and Recommendation (Dkt. No. 200). Avanade's motion to disqualify (Dkt. No. 169) is DENIED. The ancillary proceeding, Case No. MC15-0015-JCC-JPD, shall be CLOSED and the stay of Case No. C12-2091-JCC shall be LIFTED.

//
//
//
//
//
//

---

[4] The Court is also mindful that disqualification can be used as a litigation strategy. *See FMC Technologies, Inc. v. Edwards*, 420 F. Supp. 2d 1153, 1157 (W.D. Wash. 2006). The fact that granting this motion would effectively terminate this lawsuit cannot be overlooked.

1   DATED this 22nd day of July 2016.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND
RECOMMENDATION TO DENY MOTION TO
DISQUALIFY RELATOR AND COUNSEL
PAGE - 6