IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA UCHYTIL, on behalf of the United States of America,<br><br>              Plaintiff,<br><br>     v.<br><br>AVANADE INC., a Washington corporation, and AVANADE FEDERAL SERVICES, a Delaware corporation, ACCENTURE FEDERAL SERVICES LLC, a Delaware limited liability corporation,<br><br>              Defendants. | NO.  C12-2091-JCC<br><br>STIPULATED AMENDED PROTECTIVE ORDER |

1.  <u>PURPOSES AND LIMITATIONS</u>

      Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this agreement is consistent with LCR 26(c).  It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle

parties to file confidential information under seal entitle parties to file confidential information under seal.

2.  <u>"CONFIDENTIAL" MATERIAL</u>

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:  (1) contractual terms with customers, vendors, and other parties; (2) pricing, financial, and/or profit information; (3) suppliers and supplier lists; (4) customers, customer lists, and customer technical requirements; (5) product development information and information relating to new products; (6) development processes, designs, drawings, engineering, and hardware and software configuration information; (7) marketing plans, business plans, forecasts, and business strategies; (8) sensitive communications and information relating to products and services, including, but not limited to, testing and quality control records, which in the hands of competitors would be valuable; (9) customer feedback regarding products that have not been publicly disclosed; (10) protected personal information (including contact information) and other information subject to privacy laws; (11) internal financial reporting; (12) sensitive business information, akin to the categories specified above, produced by a non-party; and (13) communications with U.S. government agencies containing sensitive non-public information.

3.  <u>SCOPE</u>

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 <u>Basic Principles</u>. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement. "CONFIDENTIAL" information and material must be stored in the United States and accessed and viewed by United States citizens only, including permitted disclosures pursuant to section 4.2.

4.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service

instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition, or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within thirty days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges.  Any party or non-party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3   Judicial Intervention.  If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under

Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

        If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

        (a)  promptly notify the designating party in writing and include a copy of the subpoena or court order;

        (b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

        (c)  cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

        (d)  Authority of the United States Government to Release Information.

                (i) The U.S. Government and its employees are authorized to release to the parties and their counsel the following information in response to requests for information in this litigation pursuant to the terms set forth in this Protective Order without obtaining the prior written consent from the individuals or entities to whom such information pertains: Privacy Act information, 5 U.S.C. §552a; Trade Secrets Act information, 18 U.S.C. § 1905; and Procurement Integrity Act information, 41 U.S.C. §§ 2101-2107. Such information shall be designated as "Confidential" material, defined herein, and be subject to this Protective Order. Unless otherwise

agreed to by U.S. Government, such information may be used only for the purposes of this litigation (including arbitration, mediation and any subsequent appeals).

(ii) All receiving parties are under a good-faith obligation to notify the United States upon identification of a document which appears on its face or in light of facts to any party to be potentially privileged. Such notification shall not waive the notifying parties' ability to subsequently challenge any assertion of privilege with respect to the identified document.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. **NON TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

11. **COMPLIANCE WITH IMPORT AND EXPORT LAWS AND REGULATIONS**

Each party agrees that it will comply with all applicable export and import laws and regulations, including but not limited to, the U.S. Arms Export Control Act, as amended (22 U.S.C. §§ 2751-2799), the International Traffic in Arms Regulations, as amended (22 C.F.R. Part 120 et seq.), the Export Administration Act, as amended, (50 U.S.C. §§ 2401-2420), and the U.S. Export Administration Regulations, as amended (15 C.F.R. § 730 et seq.). The parties shall not export, disclose, furnish or otherwise provide any article, technical data, technology, defense service, or technical assistance of the other party to any foreign person or entity, whether within the U.S. or abroad, without obtaining, in advance, (a) appropriate U.S. government export authorization, and (b) written approval from the other party. TMT software is U.S. origin and is subject to the U.S. Export Administration Regulations (EAR). It has been self-classified within Export Control Classification Number (ECCN) 5D992 and is eligible for export without a license to most end users and country destinations. The software and related source code may not be released or otherwise exported, as those terms are defined in the EAR, to prohibited end users (e.g., persons

identified on the BIS Entity List, Specially Designated Nationals List, etc.) or to sanctioned country destinations (Syria, Sudan, North Korea, Iran, Cuba, or the Crimea Region of Ukraine) or nationals thereof.

12.    SOURCE CODE

12.1    Designation.  To the extent production of source code becomes necessary in this case, a disclosing party may designate source code as "RESTRICTED CONFIDENTIAL SOURCE CODE" if it comprises or includes confidential, proprietary, or trade secret source code.  Material designated as "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be subject to all of the protections afforded to confidential material.  In addition, such material may be disclosed only as set forth in Paragraph 12.2.

12.2    Disclosure.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "RESTRICTED CONFIDENTIAL SOURCE CODE" only to:

(a) the receiving party's outside counsel of record in this action, as well as staff of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts or other consultants of the receiving party who have been pre-approved in writing by the designating party, which approval may not be unreasonably withheld;

(c) the Court and its personnel;

(d) court reporters and their staff; and

(e) the author of the source code, a custodian or other person who otherwise possessed or had knowledge of the source code (beyond the fact of its existence), or witnesses of the designating party.

12.3    Format.  Any source code produced in discovery shall be made available for inspection, in its native format, during normal business hours or at other mutually agreeable

times, at an office of the producing party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on one or more secured computers to comply with minimal technological capabilities specified by the receiving party in a secured room without Internet access or network access to other computers, and the receiving party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. All produced versions of the source code for inspection shall be installed on each computer. The Recipient's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes except as provided in Section 12.5. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein. Use or possession of any input/output device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, cellular phone, or any devices that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer(s) containing the source code. All persons entering the secured room containing the source code must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the secured room. The producing party may visually monitor the activities of the receiving party's representatives during any source code review from outside the secured room, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. Any visual monitoring will not interfere with the confidentiality of the receiving party's analysis or the analysis and/or work product of the receiving parties' representatives, experts, or consultants. No recording shall be made by the producing party without prior authorization of the receiving party. In order to effectuate this provision, the receiving party shall provide the producing party 48-hour advance notice before any person identified in paragraph 12.2 accesses the source code

at the secure location.  Unless otherwise agreed in advance by the parties in writing, following each inspection, the receiving party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The producing party shall not be responsible for any items left in the room following each inspection session.

12.4    <u>Source Code Review Tools</u>. The receiving party's outside counsel and/or experts or consultants of the receiving party who have been designated under paragraph 12.2 may install software tools for viewing and searching source code on the secured computer(s), provided, however, that (a) the receiving party possesses an appropriate license to such software tools; (b) the producing party approves such software tools; and (c) such software tools are reasonably necessary for the receiving party to perform its review of the source code consistent with all of the protections herein. The producing party will have a right to supervise and observe the installation of the software tools on the computer(s). All CD, DVD, USB, or other media used to install the software tools must be removed from the secure room prior to inspection of the source code.  The receiving party must provide the producing party with a list of licensed commercially available software tool(s) at least seven (7) days in advance and/or a copy of any proprietary tool(s) at least fourteen (14) days in advance of the date upon which the receiving party wishes to install the software tools on the secured computer(s). The receiving party shall not at any time use any compilers, interpreters or simulators in connection with the producing party's source code.

12.5    <u>Inspection Results</u>. Experts or consultants of the receiving party who have been designated under paragraph 12.2 are authorized to provide their inspection results directly to outside counsel of the receiving party and their staff. These inspection results may contain excerpts of the source code as needed to explain such results and shall be considered the confidential work product of outside counsel of the receiving party.  In no event may any excerpt

of the source code exceed 35 consecutive lines of code without prior written approval by the producing party, which approval shall not be withheld unreasonably. Except as otherwise provided in Sections 12.6 and 12.7, the results or analysis of the experts or consultants may be provided to the Relator only with the excerpts of any contained source code redacted.

12.6  <u>Printed Copies</u>.  The receiving party may request printed copies of portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, other papers, or for deposition or trial.  The producing party shall provide all such source code in paper form on watermarked or colored paper bearing bates numbers and the label "RESTRICTED CONFIDENTIAL SOURCE CODE."  In no event may the receiving party request the printing of more than 25 consecutive pages or an aggregate total of more than 500 pages of source code during the duration of the case without prior written approval by the producing party, which approval shall not be withheld unreasonably.  The receiving party may make and maintain up to two (2) additional copies of all or part of the printed source code, which copies shall be printed on watermarked or colored paper bearing bates numbers and the label "RESTRICTED CONFIDENTIAL SOURCE CODE.  Additionally, the receiving party may make up to three (3) additional copies of all or part of the printed source code in advance of any deposition and for each such deposition, which copies shall be printed on watermarked or colored paper bearing bates numbers and the label "RESTRICTED CONFIDENTIAL SOURCE CODE, provided that all such copies shall be turned over to the producing party at the conclusion of the deposition.  No copy of printed source code used during a deposition may be given to or left with a court reporter or any other unauthorized individual.  All printed pages shall constitute part of the source code produced by the producing party in this action and shall be afforded all of the protections provided by Section 12 of this agreement.

12.7  <u>Protection of RESTRICTED CONFIDENTIAL SOURCE CODE</u>.  Any paper copies designated "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be stored or

viewed only at: (i) the offices of outside counsel for the receiving party; (ii) the offices of outside experts or consultants who have been approved to access the source code; (iii) the site where any deposition is taken; (iv) the court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. The receiving party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The receiving party shall maintain all paper copies of any printed portions of the source code in a secured area. The receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format, except as set forth herein. The receiving party shall only make additional paper copies or electronic copies, beyond those permitted by Section 12.6, if such additional copies are necessary to prepare court filings, pleadings, hearing exhibits, or a testifying expert's expert report.

12.8 <u>Return or Destruction of RESTRICTED CONFIDENTIAL SOURCE CODE</u>. Within 60 days after the termination of this action, including all appeals, each receiving party must return to the producing party or destroy all material designated "RESTRICTED CONFIDENTIAL SOURCE CODE," including all copies, extracts and summaries thereof.


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 20th day of November, 2017.

CALFO EAKES & OSTROVSKY PLLC


By:___*s/Angelo J. Calfo*_____
      Angelo J. Calfo, WSBA No. 27079
      Damon C. Elder, WSBA No. 46754
      1301 Second Avenue, Suite 2800
      Seattle, WA 98101-3808
      Telephone: (206) 407-2200
      Fax: (206) 407-2224
      Email: angeloc@calfoeakes.com

Email: damone@calfoeakes.com

KIRKLAND & ELLIS LLP

Craig S. Primis, *Pro Hac Vice*
Liam P. Hardy, *Pro Hac Vice*
Devin S. Anderson, *Pro Hac Vice*
Kirkland & Ellis LLP
655 Fifteenth Street, NW
Washington, DC  20005-5793
Email:  craig.primis@kirkland.com
Email:  liam.hardy@kirkland.com
Email:  devin.anderson@kirkland.com

*Attorneys for Defendants Avanade, Inc.,*
*Avanade Federal Services LLC, and Accenture Federal*
*Services LLC*

LOWE GRAHAM JONES, PLLC


By: ___*s/Mark P. Walters*_____
Mark P. Walters, WSBA No. 30818
Ellen M. Bierman, WSBA No. 23224
Lowe Graham Jones, PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
Email:  walters@lowegrahamjones.com
Email:  ellenb@lowegrahamjones.com


SCHLEMLEIN GOETZ FICK & SCRUGGS PLLC

Mark K. Davis, WSBA No. 38713
Robert L. Olson, WSBA No. 5496
Schlemlein Goetz Fick & Scruggs PLLC
Sodo Commerce Center
66 S. Hanford St., Suite 300
Seattle, WA  98134
Email:  mkd@soslaw.com
Email:  rol@soslaw.com

*Attorneys for Relator Maria Uchytil*

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 27th day of November 2017.


THE HONORABLE JOHN C. COUGHENOUR
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issued by the United

States District Court for the Western District of Washington on _____ [date] in

the case of *MARIA UCHYTIL, on behalf of the United States of America;* AVANADE INC., a

Washington corporation, and AVANADE FEDERAL SERVICES, a Delaware corporation,

ACCENTURE FEDERAL SERVICES LLC, a Delaware limited liability corporation, Civil

Action No. C12-2091-JCC.  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I

will not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

# CERTIFICATE OF SERVICE

I, Erica Knerr, declare that I am employed by the law firm of Calfo Eakes & Ostrovsky PLLC, a citizen of the United States of America, a resident of the state of Washington, over the age of eighteen (18) years, not a party to the above-entitled action, and competent to be a witness herein.

On the 20th day of November, 2017, I caused a true and correct copy of the foregoing document to be served on counsel listed below in the manner indicated:

***Attorneys for Plaintiff***

| | |
|---|---|
| Mark P. Walters | ☐ Via Legal Messengers |
| Ellen M. Bierman | ☐ Via First Class Mail |
| Lowe Graham Jones, PLLC | ☐ Via Facsimile |
| 701 Fifth Avenue, Suite 4800 | ☐ Via Electronic Mail |
| Seattle, Washington 98104 | ☑ Via E-Service |
| walters@lowegrahamjones.com | |
| ellenb@lowegrahamjones.com | |

| | |
|---|---|
| Mark K. Davis | ☐ Via Legal Messengers |
| Robert L. Olson | ☐ Via First Class Mail |
| Schlemlein Goetz Fick & Scruggs PLLC | ☐ Via Facsimile |
| Sodo Commerce Center | ☐ Via Electronic Mail |
| 66 S. Hanford St., Suite 300 | ☑ Via E-Service |
| Seattle, WA 98134 | |
| mkd@soslaw.com | |
| rol@soslaw.com | |

| | |
|---|---|
| David Roy East | ☐ Via Legal Messengers |
| US Attorney's Office (SEA) | ☐ Via First Class Mail |
| 700 Stewart St., Suite 5220 | ☐ Via Facsimile |
| Seattle, WA 98101-1271 | ☐ Via Electronic Mail |
| david.east@usdoj.gov | ☑ Via E-Service |

Donald J. Williamson
Assistant United States Attorney
U.S. Department of Justice Civil Division
950 Pennsylvania Avenue NW
Washington, DC 20530-0001
don.willliamson@usdoj.gov

☐ Via Legal Messengers
☐ Via First Class Mail
☐ Via Facsimile
☐ Via Electronic Mail
☑ Via E-Service

_s/ Erica Knerr_
Erica Knerr