THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. MARIA UCHYTIL,<br><br>Plaintiff,<br><br>v.<br><br>AVANADE INC., a Washington corporation, AVANADE FEDERAL SERVICES LLC, a Delaware limited liability corporation, ACCENTURE FEDERAL SERVICES LLC, a Delaware limited liability corporation,<br><br>Defendants. | CASE NO. C12-2091-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for clarification or modification of discovery deadlines (Dkt. No. 112). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES in part and GRANTS in part the motion for the reasons explained herein.

**I.     Motion for Clarification of Case Schedule**

In early 2017, the parties conferred and negotiated an agreement on a number of case-management deadlines, which they presented to the Court at a status conference on February 21, 2017. (Dkt. No. 114 at 3–4.) These dates included a fact discovery deadline of January 26, 2018 and an expert discovery deadline of March 30, 2018, with dispositive motions due by May 17,

1  2018 and a trial date of September 10, 2018. (*Id*.) The Court approved these dates on the record
2  at the status conference. (*Id*. at 4.) The Court subsequently issued a standard minute order stating
3  that all discovery would conclude on March 30, 2018. (Dkt. No. 92.) Plaintiff now contends that
4  this order negated the Court's approval of the parties' agreed upon case management schedule
5  and reverted the expert discovery deadline to the default in the Federal Rules of Civil Procedure.
6  (Dkt. No. 112 at 1–2.)

It is not this Court's practice to set expert discovery dates separate from final discovery deadlines. The Court prefers to leave these details up to good-faith agreement between parties. The Court's minute order, issued subsequent to the Court's on-the-record approval of parties' negotiated schedule, references only the deadline for completion of all discovery. (*See* Dkt. No. 92.) It does not purport to alter or reject the parties' agreement.

The Court admonishes parties for failing to work out any differences in understanding regarding scheduling, particularly in light of this District's concern about professionalism among attorneys in the context of discovery. *See* Introduction to the Local Civil Rules.

**II.    Request to Modify Case Schedule**

Plaintiff asks the Court to modify the case schedule if it finds that the parties' agreement controls. (Dkt. No. 112 at 2.) The Court may modify a pretrial scheduling order for good cause. Fed. R. Civ. Pro. 16(b)(4). Good cause may be found where the pretrial schedule "cannot reasonably be met with the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiff argues that good cause exists because she has been diligent in pursuing discovery. (Dkt. No. 112 at 5.) Plaintiff represents that despite this diligence, she will not be able to complete fact discovery by January 26, 2018 because of her prior understanding of the scheduling order, Defendants' delays in producing documents, the unexpected volume of documents and potential witnesses produced by Defendants, and her need for certain discovery from Defendants before obtaining discovery from the Government. (*Id*.; Dkt. No. 118 at 3–4.)

Emails produced by Plaintiff indicate that counsel's misunderstanding of the case management dates existed since at least March 2017. (Dkt. No. 13-1 at 4.)

Defendants contend that Plaintiff has not been diligent in pursuing discovery. (Dkt. No. 115 at 9.) Despite initial disclosures occurring in April 2017, Plaintiff did not begin depositions until September 2017 and waited until November and December to notice additional depositions. (Dkt. No. 10.) Defendants also report that while they sought discovery from the Government in August 2017, Plaintiff failed to do so until November 2017. (Dkt. No. 115 at 11.) Defendants also claim prejudice from any schedule modification, given steps they have taken to complete discovery by the agreed-upon deadline. (Dkt. No. 115 at 12.)

Considering accusations of dilatory behavior and evidence of diligence from both sides, Plaintiff's understanding of the case schedule, and Defendants' reliance on the parties' agreement to sequence discovery, the Court finds good cause to GRANT, in part, Plaintiff's motion to modify the case management schedule (Dkt. No. 112). Fact discovery will be extended to **March 2, 2018**. The expert discovery cutoff will remain on **March 30, 2018**. All other case management dates will remain unchanged. If parties would like to stipulate to any alternative dates, they may submit a stipulated agreement to the Court.

DATED this 19th day of January 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE