THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA UCHYTIL, on behalf of the United States of America,<br><br>　　　　　　　　Plaintiff,<br>　　　v.<br><br>AVANDE, INC., a Washington corporation, AVANDE FEDERAL SERVICES, a Delaware corporation, and ACCENTURE FEDERAL SERVICES LLC, a Delaware limited liability corporation,<br><br>　　　　　　　　Defendants. | CASE NO. C12-2091-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' motion for a protective order (Dkt. No. 121) and Plaintiff/Relator Maria Uchytil's ("Relator") cross-motion to compel (Dkt. No 125). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part both motions (Dkt. Nos. 121, 125) for the reasons explained herein.

I. **BACKGROUND**

Relator filed this action on behalf of the United States pursuant to the *qui tam* provisions of the False Claims Act. *See* 31 U.S.C. § 3724.[1] Relator alleges that Defendants procured

---

[1] The United States issued a non-decision following an initial investigation, reserving the right to intervene at a later date. (Dkt. No. 74.)

ORDER
C12-2091-JCC
PAGE - 1

government contracts for their computer software product Task Management Tool ("TMS"), through fraudulent statements. (Dkt. No. 105.) Parties are nearing the end of discovery and are unable to resolve a dispute over the scope of production.

On December 18, 2017, Relator issued Defendants a discovery request seeking documents related to TMT "from April 23, 2010 to the present." (*See* Dkt. Nos. 121 at 5, 112-13 at 8, 10, 11.) Defendants oppose this request, asserting that discovery should be limited to "specific contracts (23) and a specific time period (2010-[2012])," based on contracts listed in the Second Amended Complaint ("SAC") (the "Accused Contracts"), and the time period they describe as the "focus" of the pleadings. (Dkt. No. 121 at 1.) Relator asks the Court to compel production of all contracts, invoices, software releases, revenue data, and time records relating to all versions of TMT from April 2010 to the present. (Dkt. No. 125 at 3–4.)

## II. DISCUSSION

Discovery motions are strongly disfavored. The party resisting discovery has the burden to establish when limitations are appropriate. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The Court will first address Defendants' motion for a broad protective order and will subsequently address Relator's motion to compel specific documents.

### A. Temporal Limitations

The Court finds it appropriate to temporally limit discovery to the time period of 2010 to 2012. Relator seeks discovery from 2010 to the present. Defendants object that this request is "overbroad, unduly burdensome, and seeks documents that are neither relevant nor proportional to the needs of the case." (Dkt. No. 122 at 6.) The Court finds Relator's request inconsistent with the principles of discovery and the pleading requirements for cases alleging fraud.

The pleadings "logically shape the scope of discovery." *United States ex rel. Jacobs v. CDS, P.A.*, Case No. C14-0301-BLW, 2016 WL 4146077, at *2 (D. Idaho Aug. 3, 2016) (denying discovery for a "broader time period than that detailed in the complaint"); *see also* Fed. R. Civ. P. 26(b)(1) Advisory Committee Note—2000 Amendments. All specific allegations of

misconduct in the SAC occurred between April 2010 and December 2012.[2] To expand discovery beyond this point, Relator relies on vague language in the pleadings alleging misconduct "beginning in May 2010 and continuing *at least* until the time [she] left AVAFed" on January 31, 2012. (Dkt. Nos. 105 at 11–14, 125 at 4–6) (emphasis added). Given the heightened pleading standard for fraud claims under Federal Rule of Civil Procedure 9(b), these general allegations are not sufficient to allow discovery to extend five years beyond specific allegations in the pleadings. Fed. R. Civ. P. 9(b); *U.S. ex rel. Spay v. CVS Caremark Corp.*, Case No. C09-4672, 2013 WL 4525226 at *2 (E.D. Pa. Aug 27, 2013) ("cursory allegations" that defendant "contine[d]" to engage in fraudulent conduct beyond time period of specific allegations "are unquestionably insufficient to open the door to broad and burdensome discovery").

Relator further argues that discovery should extend to the present based on Defendants' development of a "clean room" version of TMT. (Dkt. No. 134 at 2.) She avers she has examined versions of TMT released through August 2016 and determined that Defendants never developed a clean-room version of the software. (*Id*.) Relator argues this evidence indicates that Defendants continued to fraudulently sell TMT to government customers through the present day. (*Id.*) But the operative complaint discusses development of a "clean room" version of TMT only through December 2012. (*See* Dkt. No. 105 at 11.) Relator "cannot broaden the scope of [her] pleading by submission of this evidence." *U.S. ex rel. Spay*, Case No. C09-4672, 2013 WL 4525226 at *3.

The court in *Spay* noted that claims governed by Rule 9(b) must have "discernable boundaries and manageable discovery limits." *Id*. (citing *U.S. ex. rel. Clausen v. Lab. Corp. of Am., Inc.*, 198 F.R.D. 560, 564 (N.D. Ga. 2000), *aff'd* 290 F.3d 1301 (11th Cir. 2002), *cert. denied*, 537 U.S. 1105 (2003). Extending discovery based on non-specific claims of continued misconduct or allegations not in the pleadings would be inconsistent with this principle. It would

---

[2] Defendants acquired TMT in April 2010, the last Accused Contract was awarded in September 2012, and Relator alleges that by December 2012, no clean-room version of TMT had been developed. (Dkt. No. 105 at 6, 11, 20.)

also impose a significant burden on Defendants, who would be required to produce five additional years of documents near the close of discovery and to potentially seek additional production from Government agencies. (*See* Dkt. No. 121 at 5) (describing extensive discovery efforts thus far.) Thus, the Court finds it reasonable to limit additional discovery to the period of January 1, 2010 to December 31, 2012.[3]

### B. Substantive Limitations

Defendants also seek to limit discovery to documents connected to contracts named in the SAC. (Dkt. No. 131 at 3.) Relator maintains that these are merely "example contracts" that do not limit the scope of her claims. (Dkt. No. 125 at 9). The Court finds that Defendants have not meet their burden to show proposed substantive discovery limitations are appropriate.

Defendants argue that allowing discovery beyond specified contracts would prejudice them because they have relied on this list of contracts in procuring discovery from the Government and developing a record. (Dkt. No. 121 at 7, 10.) This argument is inapposite. The parties' disagreement regarding the scope of discovery has been ongoing throughout. (*See* Dkt. Nos. 121 at 3, 125 at 3, 6.) Defendants were well aware before Relator's December 2017 request for production of her position that "example" contracts named in the complaint were not intended to limit the scope of her claims. (Dkt. Nos. 121 at 10; 125 at 6.) That Defendants relied on their own view of the proper scope of discovery does not make Relator's motion to compel untimely or prejudicial.

Defendants also argue that discovery beyond contracts specified in the SAC would reach outside the scope of the pleadings. (Dkt. No. 121 at 2, 7.) The Ninth Circuit has rejected an approach to Rule 9(b) pleading that would require a relator to plead "all facts supporting each and every instance" of fraud alleged. *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 999 (9th Cir. 2010). Relator sufficiently alleges "details of a scheme to submit false claims" along with

---

[3] Defendants have already produced some post-2012 documents that were included in its earlier production to the Government. (Dkt. No. 125 at 8.)

examples of such claims that indicate that "claims were actually submitted" during the relevant time period. *Id*. Her allegations of misconduct between 2010 and 2012 provide sufficient notice to Defendants to allow them to defend against the charges. *See id*. (citing *U.S. ex rel. Lee v SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051–52 (9th Cir. 2001)).

Therefore, the Court DENIES Defendants' motion for a protective order limiting discovery to the contracts listed in the pleadings.

**C. Relator's Cross-Motion to Compel**

The Court now turns to Relator's specific requests for production to determine if further limitation of discovery is merited. Relator asks the Court to compel production of:

1. All contracts for TMT licenses and services for all versions of TMT.
2. All invoices and requests for payment for TMT licenses and services.
3. An up-to-date release history for the AMPS/TMT software and the identity of TMT releases by customer.
4. An updated response to Relator's request for documentation showing the margin or gross profit earned on each contract for TMT services to the present.
5. Accurate time records disclosing time charged and the billing code for all time charged for each timekeeper working on all TMT projects to the present. (Dkt. No. 125 at 3.)

Defendants generally object to these requests as "overbroad, unduly burdensome, and seeking documents not relevant or proportional to the needs of the case." (Dkt. No. 131 at 3.) However, Defendants have agreed to provide responsive documents already produced to the Government during its investigation of this matter. (*Id*.) To the extent that Relator's requests one through four seek documents not included in this production, but within the 2010 to 2012 timeframe, Defendants' objections are DENIED. Defendants have made no specific showing to support their opposition to producing responsive documents within the 2010 to 2012 timeframe. Defendants are therefore ORDERED to produce documents responsive to requests one through

four for the relevant time period.

Defendants make more specific objections to Relator's request for time records, asserting that this request is overbroad even as to the 2010–2012 time period. (Dkt. No. 131 at 4.) Relator seeks these records to determine whether Defendants "continued development of TMT through private funds" or mixed funds. (Dkt. Nos. 125 at 12, 134 at 6.) Defendants argue that this request should be limited to time records for personnel writing TMT code. (Dkt. No. 131 at 4.) Relator argues that *any* time billed "to accounts allocated for [TMT] development work" is relevant to determining Defendants' investment in these efforts. (Dkt. No. 134 at 6–7.) The Court agrees. Product development is not reasonably limited to code development, and Defendants fail to show that the request is irrelevant or not proportional to the needs of the case.

Defendants are therefore ORDERED to produce time records for each timekeeper charging work to TMT development projects during the relevant time period.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion for a protective order (Dkt. No. 121) and Relator's cross-motion to compel (Dkt. No. 125) are GRANTED in part and DENIED in part. To the extent that such documents have not already been produced, Defendants are ORDERED to produce responsive documents as follows:

1. All contracts for TMT licenses, services, support, or maintenance for all relevant versions of TMT, entered into between January 1, 2010 and December 31, 2012.
2. All invoices and requests for payment for TMT licenses and services for the period of January 1, 2010 through December 31, 2012.
3. The release history for the AMPS/TMT software and the identity of TMT releases by customers for the period of January 1, 2010 through December 31, 2012.
4. Documents sufficient to show the margin or gross profit earned on each contract for TMT services from January 1, 2010 to December 31, 2012, including how that margin or gross profit was calculated, estimated, and tracked.

5. Accurate time records disclosing time charged and the billing code for all time charged for each timekeeper working on all TMT projects from January 1, 2010 to December 31, 2012.

Fact discovery is set to close on March 2, 2018. The Court hereby EXTENDS the fact discovery deadline to March 30, 2018 for the sole purpose of production of the above-referenced documents. All other case management dates will remain unchanged. If parties would like to stipulate to an alternative deadline, they may submit a stipulated agreement to the Court.

DATED this 27th day of February 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C12-2091-JCC
PAGE - 7