THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA UCHYTIL, on behalf of the United States of America,<br><br>Plaintiff,<br><br>v.<br><br>AVANDE, INC., a Washington corporation, AVANDE FEDERAL SERVICES, a Delaware corporation, and ACCENTURE FEDERAL SERVICES LLC, a Delaware limited liability corporation,<br><br>Defendants. | CASE NO. C12-1209-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' motion for leave to file an amended answer and to add counterclaims (Dkt. No. 123). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion (Dkt. No. 123) for the reasons explained herein.

I.  **BACKGROUND**

This *qui tam* action under the False Claims Act ("FCA") 31 U.S.C. section 3724 has been thoroughly described in other orders. (*See* Dkt. Nos. 102, 135.) Defendant now moves for leave to file an amended answer to include counterclaims against Relator Maria Uchytil ("Relator"). (Dkt. No. 123.) Defendants assert that on January 18, 2018, Relator disclosed that she used a hard drive to back up the contents of her company laptop, retained this hard drive and the

documents on it when her employment was terminated on January 31, 2012, and provided at least part of its contents to her attorneys. (Dkt. No. 123 at 1–2, 4.) Relator's Confidential Information Agreement and Business Protection Agreement prohibited her from "us[ing], disclos[ing], publish[ing], or distribut[ing]" confidential company information and required her to "deliver as soon as reasonably possible to the Company . . . all Company Property, including copies thereof, then in [her] possession or control." (Dkt. No. 123 at 3.) Defendants assert Relator violated these agreements and concealed her actions during the course of these legal proceedings. (Dkt. No. 128 at 7.) They accordingly seek to amend their answer to add counterclaims for breach of contract and conversion. (*Id*. at 2.)

On February 27, 2018, Defendants moved for leave to file a supplemental declaration (Dkt. No. 136). The Court did not find it necessary to rely on this declaration in ruling on the present motion. Thus, the Court STRIKES the motion and declaration (Dkt. Nos. 136, 137).

## II. DISCUSSION

### A. Legal Standard

Leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). This rule should be "applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Courts consider five factors in granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the pleading has previously been amended. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Here, Defendants have not previously amended their answer, and Relator does not assert bad faith on the part of Defendant. Thus, the Court will consider whether undue delay, futility, and prejudice merit denial of leave to amend.

### B. Analysis

#### 1. Undue Delay

Relator first asserts undue delay, arguing that Defendants knew of the relevant facts underlying their potential causes of action for breach of contract and conversion in 2014, when

they first received notice of this action, in 2016, when they acknowledged Relator "retained some number of the company's privileged documents," and certainly in 2017, when they filed an answer to the Second Amended Complaint.[1] (Dkt. No. 128 at 2, 4, 5.) On this basis, Relator argues Defendants waived these compulsory counterclaims. (Dkt. No. 128 at 9). According to Relator, her recent revelation that she retained a physical hard drive containing these and other documents does not provide a basis to revive Defendants' claims. (Dkt. No. 123 at 1.)

The Court disagrees. It is true that Defendants likely had sufficient information to assert breach of contract or conversion claims before filing their answer. But, there was also a strong likelihood that—based on the information available to Defendants at the time—the claims would fail on public policy grounds. The Ninth Circuit has considered an exception to confidentiality agreements to protect relators where "removal of the documents was reasonably necessary to pursue an FCA claim." *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1064 (9th Cir. 2011). While the Circuit Court found it unnecessary to adopt a public policy exception at the time, it noted that a potential exception would *not* cover "vast and indiscriminate appropriation" of confidential files. *Id*. at 1062. Relator's January 2018 indication that she took not just a limited number of documents relevant to her claims, but copied and retained a backup of some or all of the contents of her work laptop, provided Defendants a new basis for counterclaims potentially less susceptible to a public policy exception.[2] (Dkt. No. 130 at 3–4.) Thus, the Court finds Defendants neither waived proposed counterclaims, nor unduly delayed in asserting them.

---

[1] February 2017 disclosures included information about Defendants' documents in Relator's possession; in June 2017, Relator disclosed a large amount of confidential documents she possessed. (Dkt. No. 128 at 4.) The parties dispute the number of pages Relator disclosed in June 2017. (*See* Dkt. Nos. 128 at 4, 130 at n. 2.) The Court is unable to find support for either party's position in the record, but does not find this question to be dispositive.

[2] The Court reserves any decision on whether a public policy exception would apply to Defendants' proposed counterclaims and makes no finding here as to the exact extent or nature of documents Relator retained.

### 2. Futility of Amendment

"A motion for leave to amend is futile if it can be defeated on [a motion for summary judgment]." *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). Relator argues amendment would be futile based on public policy protecting whistleblowers. (*See* Dkt. No. 128 at 10.) The Court disagrees. As discussed above, the Ninth Circuit has made it clear that any such protection in the context of an FCA claim would be limited and would require justification based on necessity. *Cafasso*, 637 F.3d at 1062. Relator makes no showing that the extent and manner of documents copied and retained was necessary to pursue her claims. (*See* Dkt. No. 128 at 10–11.) Thus, it is not readily apparent that she could prevail on a motion for summary judgment on this basis.

Nor does Relator show that she would necessarily prevail on summary judgment based on an absence of harm to Defendants or the relevant statute of limitations. (*Id.*) As Defendants point out, they are entitled to seek injunctive relief based on the terms of their Business Protection Agreement, even if they have suffered no recoverable harm. (Dkt. No. 130 at 6.) Furthermore, the discovery rule likely operates to save Defendants' conversion claim from the relevant statute of limitations. Wash. Rev. Code § 4.16.080(2); (Dkt. Nos. 123 at 8, 128 at 11); *Killian v Seattle Pub. Sch.*, 403 P.3d 58, 63 (2017). While Defendants knew Relator had retained some company documents, they reasonably expected that "the extent of [that] production . . . [would be] protected under public policy arguments." (Dkt. No. 130 at 6.) Their January 2018 discovery of the extent and manner in which Relator retained company documents provided a basis for Defendants to oppose application of a public policy exception.

### 3. Prejudice to the Opposing Party

In the Ninth Circuit, "it is the consideration of prejudice to the opposing party that carries the greatest weight" in a court's determination regarding leave to amend. *Eminence Capital, LLC v. Aspen, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Relator argues she would suffer substantial

prejudice if Defendants are allowed to add counterclaims, because amendment would delay the case, change allocation of risk, and give Defendants improper leverage. (Dkt. No. 128 at 3.)

Relator asserts that permitting the addition of counterclaims would further delay final adjudication of this matter, pending since 2012. (Dkt. No. 128 at 2.) Discovery is set to close March 2, 2018. However, Defendants do not seek any extension to discovery deadlines to develop their claims. (Dkt. No. 130 at 6.) Nor does Relator indicate that she will require further discovery to defend against them. (*See* Dkt. No. 128 at 12.) Furthermore, it appears Defendants attempted to avoid delay by seeking information in early 2017 regarding the extent of documents Relator retained. (Dkt. No. 124-2 at 2) (email from Relator's counsel agreeing to ask if Relator took any portable media); (Dkt. No. 124-3 at 17) (Defendants' interrogatory seeking similar information). Relator did not disclose the extent or manner of her retention of documents at that time and cannot now complain of delay. (Dkt. Nos. 130 at 4–5, 124-3 at 7.)

Next, Relator argues the counterclaims would "sharply change the risk profile" for her after over five years of litigation and would give Defendants "improper and undue leverage." (Dkt. No. 128 at 12.) The addition of counterclaims will require Relator to "[undertake] . . . a new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). While the Ninth Circuit has upheld this as a factor in favor of denying addition of claims late in litigation, it "is not fatal to amendment." *Id*. Relator surely knew the risk of such counterclaims existed when she entered into litigation. Furthermore, as the counterclaims are related to Relator's claims, they do not so "greatly [alter] the nature of the litigation" to alone justify denying leave to amend. (*Id*.) The Court does not discount Relator's concern that the addition of counterclaims could provide leverage for Defendants. However, other courts have permitted similar claims in FCA cases despite this concern. *See Seibert v. Gene Sec. Network, Inc.*, C11-1987-JST, 2013 WL 5645309, slip op. at * 6–8 (N.D. Cal. Oct. 13, 2013).

The Court's finding of some prejudice to Plaintiff is not sufficient on its own to merit denial of leave to amend.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for leave to file an amended answer and to add counterclaims (Dkt. No. 123) is GRANTED, and Defendants' motion for leave to file a supplemental declaration and the accompanying declaration (Dkt. Nos. 136, 137) are STRICKEN.

DATED this 1st day of March 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE