UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIA UCHYTIL, on behalf of the
United States of America,

                Plaintiff/Relator,

    v.

AVANDE INC., a Washington corporation, *et al*.,

                Defendants.

CASE NO. C12-2091-JCC

ORDER

This matter comes before the Court on the following stipulated motions by the parties:

(a) Relator's stipulated motion to seal (Dkt. No. 160) exhibits supporting her responses to Defendants' motions to exclude testimony of Robert Zeidman and Christina Tapia ("*Daubert* motions") (Dkt. Nos. 164, 167);

(b) Relator's stipulated motion to seal (Dkt. No. 176) exhibits supporting her opposition to and cross-motion for summary judgment (Dkt. No. 180);

(c) Defendants' stipulated motion to seal (Dkt. No. 184) an unredacted version of their opposition to Relator's cross-motion for summary judgment (Dkt. No. 188) and five supporting exhibits (Dkt. No. 189).

**I.    DISCUSSION**

When considering these motions to seal, the Court starts from the position that "[t]here is

ORDER
C12-0291-JCC
PAGE - 1

a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g). This presumption applies particularly to "dispositive pleadings," which include motions for summary judgment and attached exhibits. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). To overcome this presumption in the context of briefing and exhibits on a motion for summary judgment, litigants must provide a "compelling reason" for sealing that is "sufficient to outweigh the public's interest in disclosure." *Id*. However, where exhibits are attached to a motion unrelated to determining the merits of a case, a showing of good cause is sufficient to support a motion to seal. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

**A. Stipulated Motion to Seal Relator's Exhibits in Response to Defendants'*Daubert* Motions (Dkt. No. 160)**

The parties originally sought to seal 16 exhibits to the declaration of Mark P. Walters in support of Relator's opposition to Defendants' *Daubert* motions.[1] (Dkt. No. 160 at 2.) The Court found the parties had not complied with Local Civil Rule 5(g)(3)(B) and ordered a showing of good cause to seal the documents. (Dkt. No. 181 at 2.) Defendants responded to this order, identifying eight exhibits to Relator's opposition briefs that could be unsealed (*Zeidman* B, C, E, G, H; *Tapia* D, G, K), six that could be redacted (*Zeidman* D, I; *Tapia* B, H, I, J), and one that should remain under seal in its entirety (*Zeidman* F). (Dkt. No. 190 at 4–6.) The Court has reviewed these exhibits, as well as Defendants' proposed redactions, and agrees that they contain confidential and sensitive business, financial, and technical information, providing good cause to redact or seal. (*See id*. at 3.) The Court accordingly GRANTS in part Relator's stipulated motion to seal (Dkt. No. 160) as follows:

- Exhibits B–I to the Declaration of Mark P. Walters in support of Relator's opposition to the Zeidman *Daubert* motion may be sealed and redacted as indicated by Defendants. (*See* Dkt. No. 190 at 4–6.)

---

[1] The exhibits were filed under seal at Docket Numbers 164 and 167.

- Exhibit J regarding the Zeidman *Daubert* motion—Robert Zeidman's expert report—was produced by Relator, who has made no showing of good cause to seal the document. (*See* Dkt. Nos. 160, 164 at 2, 183); W.D. Wash. Local Civ. R. 5(g). This document must therefore be publically filed in its entirety or redacted and filed with a motion to seal the unredacted version.
- Exhibits B, D, G, H, I, J, and K to the Declaration of Mark P. Walters in support of Relator's opposition to the Tapia *Daubert* motion may be sealed and redacted as indicated by Defendants. (*See* Dkt. No. 190 at 4–6.)

Because the initial exhibits were filed collectively under seal (Dkt. Nos. 164, 167), it is not practicable for the Court to individually seal/unseal exhibits. Therefore, Relator is ORDERED to refile a public and a sealed version of exhibits supporting her opposition to Defendants' *Daubert* motions and to link the filings to the briefing they support.[2] The refiled versions should seal and redact exhibits as indicated herein and in Defendants' response to the Court's prior order. (*See* Dkt. No. 190 at 4–6.)

### B. Stipulated Motion to Seal Relator's Exhibits in Response to Defendants' Motion for Summary Judgment (Dkt. No. 176)

Relator initially sought to seal 60 exhibits to the Declaration of Mark P. Walters in support of her cross-motion and opposition to summary judgment. (Dkt. No. 176 at 2.) The Court ordered producing parties to provide a compelling reason to seal these documents, in compliance with Local Civil Rule 5(g). (Dkt. No. 181 at 2.) Relator filed a response to the Court's order indicating that her documents (Exhibits AT, AU, and AY) and those produced by the Government (Exhibits AQ, AR, AS, AX) could be wholly unsealed, or redacted and unsealed (Exhibit BG). (Dkt. No. 183.) Defendants filed a separate response regarding the sealing of their documents (Exhibits A-AP, AV, AW, AZ, BA-BF, BH). (Dkt. No. 190 at 2.) Defendants identify

---

[2] For example, Relator would refile amended versions of Docket Numbers 163 and 164 and link the filings to Docket Number 162.

24 sealed exhibits that can be unsealed in their entirety and 16 that can be unsealed subject to redaction. (*Id*. at 6–13.) Defendants ask the Court to maintain 11 of the exhibits under seal in their entirety. (*Id*.) The Court has reviewed these exhibits, as well as Defendants' proposed redactions, and agrees that they contain confidential and sensitive business, financial, and technical information, providing a compelling reason to maintain the documents under seal. (*See id*.) The Court has also reviewed exhibit BG and finds that proposed redactions are of sensitive personal information, upon which Relator's briefing does not rely. (Dkt. Nos. 108-6 at 95–102, 183-1.) Thus, the Court finds a compelling reason to seal the unredacted document.

Accordingly, Relator's stipulated motion to seal exhibits supporting its opposition to and cross-motion for summary judgment (Dkt. No. 176) is GRANTED in part. Relator is ORDERED to refile a public and a sealed version of the exhibits and to link the filings to the brief they support. The refiled version should seal and redact exhibits as indicated herein and in Defendants' response to the Court's prior order. (*See* Dkt. No. 190 at 6–13.)

### C. Stipulated Motion to Seal Defendants' Filings on Relator's Cross-Motion for Summary Judgment (Dkt. No. 184)

Finally, Defendants seek to file three documents marked as "confidential" by the Government and two documents marked as confidential by Defendants in support of their opposition to Relator's cross-motion for summary judgment. (Dkt. No. 184 at 3.) They also seek to file a redacted brief and an undredacted version under seal. (*Id*.) Having reviewed the documents and limited redactions, the Court finds these documents contain sensitive Government contracting and procurement information and proprietary business information, providing a compelling reason to maintain them under seal. Defendants have also complied with Local Civil Rule 5(g)(5)'s requirements for filing an opposition brief under seal. Thus, the parties' stipulated motion to seal (Dkt. No. 184) the unredacted version of Defendants' opposition brief (Dkt. No. 188) and supporting Exhibits 53, 56, 60, 64, and 69 (Dkt. No. 189) is GRANTED.

## II. CONCLUSION

For the foregoing reasons, Relator's stipulated motions to seal (Dkt. Nos. 160, 176) are GRANTED in part. Relator is DIRECTED to refile the exhibits attached to these motions in accordance with this Court's order. *See supra* sections I.A, B. Defendants' stipulated motion to seal (Dkt. No. 189) is GRANTED. The Clerk is DIRECTED to maintain Docket Numbers 188 and 189 under seal. The parties are admonished that the protective order in this case does not provide a blanket right to seal documents marked as confidential, and that they must comply with the local rules on sealing.

DATED this 9th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE