THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA UCHYTIL, an individual on behalf of the United States of America,<br><br>　　　　　　Plaintiff/Realtor,<br>　v.<br><br>AVANADE INC., a Washington corporation, *et al.*,<br><br>　　　　　　Defendants. | CASE NO. C12-2091-JCC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Plaintiff's motion for partial reconsideration (Dkt. No. 209) of the Court's order on cross-motions for summary judgment (Dkt. No. 205). Having thoroughly considered the motion and the relevant record, the Court finds it unnecessary for Defendants to file a response, and hereby DENIES the motion for the reasons explained herein.

**I.　BACKGROUND**

Plaintiff brought suit against Defendants for violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A) ("FCA"). (Dkt. No. 81.) The Court granted in part and denied in part Defendants' motion for summary judgment, and denied Plaintiff's cross-motion for summary judgment. (Dkt. No. 205.) Plaintiff moves for partial reconsideration of the Court's order on

summary judgment. (Dkt. No. 209.) Plaintiff asserts that (1) Defendants' motion for summary judgment did not give adequate notice that Plaintiff should offer contract-specific evidence of materiality, which she now offers; (2) the Court erred when it concluded that the U.S. Army Forces Command ("FORSCOM") did not procure Task Management Tool ("TMT") software v3.x as a commercial item or software; and (3) the Court overlooked evidence showing that the Government paid license fees for TMT. (Dkt. No. 209 at 2.)

## II. DISCUSSION

### A. Legal Standard

"Motions for reconsideration are disfavored." W.D. Wash. Local Civ. R. 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*[1]

### B. Evidence of Materiality

Defendants moved for summary judgment because "*none of the allegedly fraudulent statements or omissions at issue were material* to the Government's decision to procure TMT sole source from Defendants." (Dkt. No. 157 at 28) (emphasis added.) As noted in the Court's order on summary judgment, Plaintiff bore the burden of providing "contract-specific evidence to establish FCA liability for each accused contract." (Dkt. No. 205 at 19.) The Court concluded in part that only six of Plaintiff's FCA claims were supported by sufficient evidence of materiality to withstand summary judgment. (Dkt. No. 205 at 19–23.)

---

[1] Plaintiff argues that Defendants' motion for summary judgment did not put Plaintiff on reasonable notice that she had to submit contract-specific evidence on materiality or that the Court would rule on the issue of license fees. (Dkt. No. 209 at 2–3) (citing *Oluwa v. Gomez*, 133 F.3d 1237 (9th Cir. 1998), *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The cases cited by Plaintiff concern the notice required when a court grants summary judgment *sua sponte*. *Oluwa*, 133 F.3d at 1239; *Celotex Corp.*, 477 U.S. at 326. Because the Court's order on summary judgment was made pursuant to cross-motions for summary judgment by the parties and the Defendants sought summary judgment on all of Plaintiff's claims, the cases cited by Plaintiff are inapplicable.

Plaintiff now offers new, contract-specific evidence that allegedly satisfies the materiality prong of several of her dismissed FCA claims. (Dkt. Nos. 209 at 3–6, 210-1–5, 211-1–11.) However, Plaintiff fails to demonstrate why this evidence could not have been brought to the Court's attention earlier with reasonable diligence. Therefore, Plaintiff's request for reconsideration on this issue is DENIED.

### C. Commercial Computer Software

Plaintiff contends that the Court erred in concluding that any false statements made to contracting officer Ronald Newlan concerning the commerciality of TMT v3.x were not material because they were made after the contract was awarded. (Dkt. No. 209 at 2, 6.)

Plaintiff first argues that a 2012 market research report cited by the Court regarding the commerciality of TMT v3.x actually concerned TMT v2.5 because TMT v3.x "was not released until sometime in 2013." (Dkt. No. 209 at 6.) This is not supported by the record. The market research report described TMT in general terms, and concluded in part that it could "not be procured using commercial procedures." (Dkt. No. 189 at 17, 20.) A letter sent on January 8, 2013 from Defendant Accenture Federal Services LLC ("Accenture") to a contracting officer specifically discussed "the commerciality of [TMT v3.x] that Accenture [] is providing [FORSCOM] under" a contract awarded to Defendant Accenture on August 2, 2012. (Dkt. Nos. 187 at 95–96, 189 at 11.) The evidence Plaintiff references, deposition testimony from an Avande Inc. employee that he was not aware of TMT v3.x being sold before he left the company in January 2013, does not contravene the documentary evidence in the record. (Dkt. No. 201-2 at 4, 37.) Therefore, Plaintiff has not demonstrated that the Court committed manifest error. Plaintiff's request for reconsideration on this issue is DENIED.

Plaintiff also contends that Newlan was concerned about the commerciality of TMT when he became the post-award contracting officer for FORSCOM, and would have terminated the contract under certain circumstances. (Dkt. No. 209 at 2, 6–7.) Plaintiff's argument appears to focus on establishing materiality, and Plaintiff does not assert that the Court committed

manifest error. Therefore, Plaintiff's request for reconsideration on this issue is DENIED.

### D. License Fees

Plaintiff argues that the Court's order on summary judgment overlooked her evidence that the Government paid license fees for TMT v2.x. (Dkt. No. 209 at 2.) She cites a footnote in her response to Defendants' motion for summary judgment, which stated, "While it was Defendants' policy not to charge a license fee for TMT 2.4 and 2.5, the evidence suggests that Defendants did collect license fees on both." (Dkt. No. 178 at 10.) The two exhibits cited in the footnote concern the Government paying for TMT maintenance and the total number of TMT licenses sought, and an outstanding balance for "TMT licenses that have already been provided." (*Id.*, Dkt. No. 180-4 at 16, 83.) Neither exhibit explicitly discusses license fees. Plaintiff has not established in either her response to Defendants' motion for summary judgment or her motion for reconsideration that the cited exhibits are actually discussing license fees. Therefore, the Court did not commit manifest error that warrants reconsideration.

For the first time on reconsideration, Plaintiff cites to several exhibits that allegedly show that the Government paid license fees for several of the contracts at issue. (Dkt. No. 209 at 7.) Plaintiff has not demonstrated that she was precluded from bringing this evidence to the attention of the Court on summary judgment. Therefore, Plaintiff's request for reconsideration on this issue is DENIED.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial reconsideration (Dkt. No. 209) is DENIED.

DATED this 12th day of September 2018.

                                              William M. McCool
                                              Clerk of Court

                                              s/Tomas Hernandez
                                              Deputy Clerk